Gregory McCLAIN, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

and

Albert SULLIVAN, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Nov. 3, 1980.

Frank W. Heft, Jr., Chief Appellate Defender, Daniel T. Goyette, Deputy Public Defender, Louisville, for appellants.

Steven L. Beshear, Atty. Gen., Elizabeth E. Blackford, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

The appellants in this consolidated appeal were convicted of first–degree assault and first–degree escape by the Jefferson Circuit Court. Each received a sentence of twenty years' imprisonment.

During the early morning hours of April 22, 1978, police officer Edward Brodt observed a red and white pickup truck pull out of the parking lot of the Norton Elementary School in Louisville. His suspicions were aroused and he followed the truck about a minute or so as it turned onto Brownsboro Road and then pulled into the driveway of a private residence. Brodt pulled his police cruiser in behind the truck and got out to investigate. The driver of the truck, William Tucker, said that he had stopped by to see the owner of the house. When questioned, however, Tucker did not know the owner's name. Brodt then went to the passenger side and noticed Sullivan and McClain, who were passengers. They, too, could not explain their presence at the residence. He also noticed several ten–speed bicycles and a farm implement in the back of the truck. At that point Brodt frisked the men and found a straight razor in Tucker's pocket. Further exploration turned up two pistols on the floor of the truck. Brodt put the guns in his jacket pocket and put all three men in the back seat of his cruiser.

While Brodt was radioing for back–up assistance, Sullivan grabbed Brodt and a struggle ensued. Brodt jumped out of the car just as he was struck by a bullet fired from the rear seat. He fell to the ground and was kicked and pistol–whipped by the men. All three escaped but separately surrendered to police the next day. Sullivan and McClain were subsequently convicted of first–degree assault and first–degree escape as a result of their involvement in the incident.

Among several other issues raised in this consolidated appeal, the appellants present the question of whether convictions for

both assault and escape violate their constitutional and statutory protection against double jeopardy.

Specifically, the appellants argue that it was error for the prosecution to show the same use of force to obtain convictions for both first–degree assault and first–degree escape. The test of double jeopardy was first enunciated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1931):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

Id. at 304, 52 S.Ct. at 182.

The legislature has codified the *Blockburger* rule in KRS 505.020.*

In order to prove an assault, the evidence must show that the defendant used force and caused physical injury. KRS 508.010. Likewise, first–degree escape entails a showing of escape from lawful custody accompanied by force or the threat of force. KRS 520.020. It is obvious that the use of force is an element common to both offenses. However, the element of physical injury required in first–degree assault is neither relevant to nor an element of first–degree escape. Conversely, the element of escape from custody in first–degree escape is not included or required in a conviction for assault. Each offense, therefore, requires proof of a fact which the other does not.

The judgments of the Jefferson Circuit Court are affirmed.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY, STEPHENSON and STERNBERG, JJ., sitting.

All concur.

---

* (1) When a single course of conduct of a defendant may establish the commission of more than one offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense when:

   (a) One offense is included in the other, as defined in subsection (2); or . . .

(2) A defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when:

   (a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged . . . .