Daniel Ray **MELSON**, Appellant,

v.

**COMMONWEALTH of
Kentucky**, Appellee,

Thomas Lee **CRUM**, Appellant,

v.

**COMMONWEALTH of
Kentucky**, Appellee.

Nos. 88–SC–305–MR, 88–SC–318–MR.

Supreme Court of Kentucky.

June 29, 1989.

Daniel Ray Melson, Eddyville, pro se.

Kevin A. Francke, Evansville, Ind., for appellant Crum.

Frederic J. Cowan, Atty. Gen., Frankfort, Michael L. Harned, Asst. Atty. Gen., for appellee.

GANT, Justice.

Appellants were convicted of first-degree escape and first-degree robbery. Thereafter, they were convicted for being persistent felony offenders in the first degree, and received enhanced, consecutive sentences totalling 70 years. They appeal as a matter of right.

Appellants were being held in the Nelson County Jail pursuant to felony convictions for various crimes committed in Nelson County. Specifically, appellant Crum had been convicted in Nelson County for rape in the first degree, theft by unlawful taking over $100, burglary in the first degree, assault in the second degree, and three counts of kidnapping. It appears that appellant Melson was convicted of the same crimes except for first-degree rape.

On October 7, 1987, Deputy Jailer Dickerson went to the cell occupied by appellants to remove garbage and to mop the floor. Melson pulled a gun and held it against Dickerson's back. He took the keys from Dickerson, and he and Crum left the jail cell. Instead of exiting the jail, which our review of the record indicates they could have done, they took Dickerson to the control room. Deputy Jailer Figg removed the inside key from the control room door so that appellants and Dickerson could not enter. Melson then held his gun against Dickerson's neck and told Figg that they would shoot Dickerson if the control room door were not opened. Figg then opened the control room door.

Inside, appellants took three weapons valued at some $600, and locked Dickerson

and Figg in a holding cell. There was evidence to indicate that cash money in an amount over $100 was also taken from the control room. Thereafter, appellants exited the jail. They were subsequently caught and arrested, and this prosecution resulted.

■ During the guilt phase of the trial, it was inevitable that the jury was informed that both appellants were incarcerated in the Nelson County Jail, as the charges were for escape from and robbery in that facility. However, during that guilt phase, the exact nature of the crimes was not, and should not have been, disclosed. The problem arose herein when, over objection, the details of the charges on which they were being held were specifically brought out during the truth-in-sentencing phase of the trial when the matters were pending on appeal to this court pursuant to § 115 of the Constitution of Kentucky.

KRS 532.055 provides, in pertinent part, that after a verdict of guilty is returned,

(a) Evidence may be offered by the Commonwealth relevant to sentencing including:

\* \* \* \* \* \*

2. The nature of prior offenses for which he was convicted.

■ It is the holding of this court that a prior conviction may not be utilized under KRS 532.055 (the truth-in-sentencing statute) or under KRS 532.080 (the persistent felony offender act) unless:

(1) The time for appealing the convictions has expired without appeal having been taken, or

(2) Matter of right appeal has been taken pursuant to § 115 of the Constitution of Kentucky and the judgment of conviction has been affirmed.

■ This does not apply to collateral attacks, such as motions under RCr 11.42, nor does it apply to pending motions for discretionary review. If discretionary review has been granted, the conviction shall not be utilized until the case is disposed of by the reviewing court.

■ In the case before us, however, the error of admitting these non-final convictions was harmless. The convictions have subsequently been affirmed and the time to file a Petition for Rehearing has elapsed. Thus, if the case were remanded for sentencing, the convictions would be final and admissible, making this an exercise in futility. Also, each of the appellants had sufficient admissible prior convictions to justify a persistent felony offender instruction.

■ Appellants' other allegation—viz., that it was double jeopardy to prosecute them for escape and robbery—is without merit. Each of these offenses is defined by separate statutes—KRS 520.020 and KRS 515.020—and each requires proof of a fact which the other does not. *See Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); KRS 505.020, and *McClain v. Commonwealth*, Ky., 607 S.W.2d 421 (1980).

The judgment of the Nelson Circuit Court is affirmed.

STEPHENS, C.J., and COMBS, LAMBERT and WINTERSHEIMER, JJ., concur.

LEIBSON and VANCE, JJ., concur in part and dissent in part.

LEIBSON, J., files an opinion dissenting in part, in which VANCE, J., joins.

LEIBSON, Justice dissenting in part.

Respectfully, I dissent from so much of the Majority Opinion as states that the holding does *not* "apply to pending motions for discretionary review."

While it is legally consistent with the holding to state that it "does not apply to collateral attacks," it is erroneous to state that it does not "apply to pending motions for discretionary review."

Where there is a motion for discretionary review, the judgment is not final for any purpose until the motion has been ruled on. It follows that it should not be used in

either truth-in-sentencing or persistent felony offender proceedings until it is final.

VANCE, J., joins.