94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven Dale ROBINSON, Petitioner-Appellant,
v.
Walt CHAPLEAU, Warden, Kentucky State Reformatory,
Respondent-Appellee.
 No. 95-6416.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1996.
 
 Before: LIVELY, KENNEDY, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Steven Dale Robinson, a pro se Kentucky prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On October 20, 1988, the grand jury in Lincoln Circuit Court charged Robinson with committing the offense of capital murder by conspiring with his brother, Kenneth Wayne Robinson, to commit robbery and the murder of Alma Jean Brown on September 15, 1988, in violation of Ky.Rev.Stat.Ann. §§ 507.020(2)(b) and 502.020(1)(a). Robinson waited in an automobile while his brother committed the robbery of a store. The indictment was subsequently amended to charge Robinson with conspiracy to commit first-degree robbery and wanton murder. On July 27, 1990, Robinson pleaded guilty to wanton murder and complicity to commit first-degree robbery. He was sentenced to twenty years in prison on each charge, with the sentences to run consecutively.
 
 
 3
 After an unsuccessful attempt to set aside his sentence, Robinson filed his petition for a writ of habeas corpus arguing that first-degree robbery is a lesser included offense of wanton murder; therefore, his conviction of both the greater and lesser offenses violates the Double Jeopardy Clause. The respondent filed a motion to dismiss or, in the alternative, motion for summary judgment. The matter was referred to a magistrate judge who issued proposed findings of fact and a recommendation, recommending that the habeas petition be denied. Despite Robinson's timely objections, the district court adopted the proposed findings of fact and recommendation as the opinion of the court. This timely appeal followed.
 
 
 4
 The writ of habeas corpus may issue to correct a fundamentally unfair trial or proceeding resulting in the unjust confinement of the petitioner. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994); Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993). Upon review, we conclude that the district court properly denied Robinson's petition for a writ of habeas corpus because Robinson has not shown that the proceedings against him were fundamentally unfair. Clemmons, 34 F.3d at 356.
 
 
 5
 The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, commands that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause affords a defendant three basic protections: 1) protection against a second prosecution for the same offense after acquittal; 2) protection against a second prosecution for the same offense after conviction; and 3) protection against multiple punishments for the same offense. Jones v. Thomas, 491 U.S. 376, 379-81 (1989). In determining whether simultaneous prosecutions under separate statutes offend the Double Jeopardy Clause, the court must inquire as to whether each charge requires proof of an additional fact that the other does not. See Blockburger v. United States, 284 U.S. 299, 304 (1932).
 
 
 6
 In this case, the multiple convictions pass the test enunciated by the Supreme Court in Blockburger. All of the elements necessary to prove first-degree robbery under Ky.Rev.Stat.Ann. § 515.020(1) were present when Robinson's brother threatened the immediate use of physical force upon another during the course of the theft while armed with a deadly weapon. It was not necessary to prove that the store clerk was murdered in order to establish the elements of first-degree robbery nor was it necessary to prove the clerk was shot. As the district court pointed out, had Robinson's brother left the store without ever firing the gun, Robinson could still have been convicted of first-degree robbery. However, after all of the statutory elements for first-degree robbery were present, Robinson's brother shot and killed the store clerk, an additional fact that had to be proven for a conviction on the wanton murder charge. See Ky.Rev.Stat.Ann. § 507.020(1)(b). First-degree robbery and wanton murder clearly are two separate offenses, each requiring proof of a fact which the other does not. See Melson v. Commonwealth, 772 S.W.2d 631 (Ky.1989). Robinson's conviction on each of these offenses did not offend the Double Jeopardy Clause.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.