**Larry Wayne PALMER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 1998–CA–002572–MR.**

Court of Appeals of Kentucky.

Oct. 1, 1999.

Kim Brooks, Covington, Kentucky, for Appellant.

A.B. Chandler, III, Attorney General, Matthew Nelson, Assistant Attorney General Frankfort, Kentucky, for Appellee.

Before: GUDGEL, Chief Judge, HUDDLESTON, and SCHRODER, Judges.

*OPINION*

SCHRODER, Judge.

This is an appeal from an order summarily denying appellant's RCr 11.42 mo-

tion for being untimely filed under RCr 11.42(10). The sole issue before us is whether the time for an RCr 11.42 motion begins to run under RCr 11.42(10) from the date of the filing of the trial court's judgment of conviction or from the date of the appellate court's judgment on direct appeal. We adjudge that the time begins to run from the date of the final judgment on appeal. Thus, we reverse and remand for consideration of the merits of appellant's RCr 11.42 motion.

Appellant was tried by a jury and convicted of theft by unlawful taking over $300 and for being a persistent felony offender in the first degree, for which a sentence of five years enhanced to twenty years for the PFO was recommended. On August 22, 1995, the Daviess Circuit Court entered the judgment of conviction in accordance with the jury's recommendation. The notice of appeal was filed the same day by appellant's trial counsel. The case was appealed to the Kentucky Supreme Court which affirmed the conviction in an opinion and order entered on May 22, 1997, which was final on June 12, 1997. On September 8, 1998, appellant filed a motion to vacate the conviction and sentence pursuant to RCr 11.42. On October 1, 1998, the trial court denied the RCr 11.42 motion without considering the merits thereof and without the appointment of counsel or an evidentiary hearing, on grounds that the motion was untimely filed under RCr 11.42(10). This appeal followed.

■ In 1994, RCr 11.42 was amended to include a time limitation. RCr 11.42(10), the amended provision, states in pertinent part:

Any motion under this rule shall be filed within three years after the judgment becomes final, unless the motion alleges and the movant proves either:

(a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or

(b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

The trial court found that appellant's RCr 11.42 motion was untimely filed because it was not filed within three years of the trial court's judgment of conviction entered on August 22, 1995. Appellant argues that the trial court erred in so ruling because his judgment of conviction did not "become final" for purposes of the three-year time limit beginning to run under RCr 11.42(10), until the Supreme Court's judgment on direct appeal was final on June 12, 1997. This is an issue of first impression.

In construing the language "when the judgment becomes final" in RCr 11.42(10), we look to other sections of RCr 11.42 for guidance. Both section (7) and (8) of RCr 11.42 refer to the final order or judgment "of the trial court":

(7)Either the movant or the commonwealth may appeal from the final order or judgment *of the trial court* in a proceeding brought under this rule.

(8)The final order *of the trial court* on the motion shall not be effective until expiration of time for notice of appeal under RCr 12.04 and shall remain suspended until final disposition of an appeal duly taken and perfected. (Emphasis added.)

■ As a general rule of statutory construction, *expressio unius est exclusio alterius* provides that an enumeration of a particular thing demonstrates that the omission of another thing is an intentional exclusion. *Louisville Water Co. v. Wells,* Ky.App., 664 S.W.2d 525 (1984); *Wade v. Commonwealth,* Ky., 303 S.W.2d 905 (1957). Hence, we must view the omission of "of the trial court" when referring to the judgment in RCr 11.42(10) as intentional. Likewise, it has been held that where the legislation includes particular language in one section of a statute, but omits it in another section of the same Act, it is generally presumed that the legislature acted

intentionally and purposefully in the disparate inclusion or exclusion. *Keene Corp. v. United States,* 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Russello v. United States,* 464 U.S. 16, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983). Thus, we must construe the judgment referred to in section (10) of RCr 11.42 to not be the judgment of the trial court, since the Supreme Court could have used the specific language "final order or judgment of the trial court" that they used in sections (7) and (8) if that was what they intended. Rather, instead of referring to a judgment of a specific court in RCr 11.42(10), the Supreme Court referred to the date when "the judgment becomes final" as when the time begins to run. This also leads us to believe that the Supreme Court meant the conclusive judgment in the case, whether it be the final judgment of the appellate court on direct appeal or the judgment of the trial court in the event no direct appeal was taken.

Our interpretation of RCr 11.42(10) is in line with a number of cases in Kentucky wherein it has been held that a judgment of conviction is not final until judgment has been entered in the final appeal of the case. *See Hardin v. Savageau,* Ky., 906 S.W.2d 356 (1995) and *Holland v. Commonwealth,* Ky., 703 S.W.2d 876 (1985) (for purposes of retroactive application of a Supreme Court decision to a judgment which is not final); *Thompson v. Commonwealth,* Ky., 862 S.W.2d 871 (1993) (for purposes of using the prior conviction as an aggravating circumstance in a capital case); *Melson v. Commonwealth,* Ky., 772 S.W.2d 631 (1989) (for purposes of using the prior conviction for enhancement under the truth-in-sentencing statute or the Persistent Felony Offender Act); *Commonwealth v. Duvall,* Ky., 548 S.W.2d 832 (1977) and *Foure v. Commonwealth,* 214 Ky. 620, 283 S.W. 958 (1926) (for purposes of using the conviction to impeach a witness's testimony).

We would also note that in some cases the defendant's RCr 11.42 claim is dependant on the outcome of the defendant's direct appeal, as in the case of a claim of ineffective assistance of counsel for failure to preserve an issue for appellate review. Also, we can foresee a situation where the defendant's trial counsel is also his attorney on direct appeal and the defendant would not want to pursue an ineffective assistance of counsel claim until the conclusion of his direct appeal. Thus, our construction of RCr 11.42(10) would allow the defendant to wait until the direct appeal has been disposed of before filing his motion.

For the reasons stated above, the order of the Daviess Circuit Court is reversed and remanded for consideration of the merits of appellant's RCr 11.42 motion.

ALL CONCUR.