RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0139p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

STEVEN BRADLEY GILES,

    *Petitioner-Appellant,*

  *v.*

GARY BECKSTROM, Warden,

    *Respondent-Appellee.*

No. 14-6494

---

Appeal from the United States District Court
for the Western District of Kentucky at Paducah.
No. 5:14-cv-00085—Thomas B. Russell, District Judge.

Decided and Filed: June 15, 2016

Before: COLE, Chief Judge; DAUGHTREY and DONALD, Circuit Judges.

---

**COUNSEL**

---

**ON BRIEF:** Krista A. Donal, DEPARTMENT OF PUBLIC ADVOCACY, LaGrange, Kentucky, for Petitioner. Perry T. Ryan, OFFICE OF THE KENTUCKY ATTORNEY GENERAL, Frankfort, Kentucky, for Respondent.

---

**OPINION**

---

MARTHA CRAIG DAUGHTREY, Circuit Judge. In this federal habeas case, we are asked to determine when the one-year statute of limitations for filing a petition under 28 U.S.C. § 2244(d)(1)(A) began to run against petitioner Steven Bradley Giles, a Kentucky state prisoner. If Kentucky Rule of Civil Procedure 76.30 controls the calculation, Giles's federal habeas

1

petition was timely filed.  But the district court interpreted United States Supreme Court Rule 13 as controlling the dispute and dismissed the petition as untimely.

Ordinarily, the one-year calculation would not present a problem.  The limitations period would be triggered following completion of a prisoner's direct appeal, either by the date on which a timely petition for certiorari was denied by the United States Supreme Court or, if no certiorari petition was filed, 90 days from entry of the state court's judgment when the time to file such a petition expired.  The question in this case is when the 90 days begins to run under Kentucky Rule 76.30(2)(a), which makes a Kentucky Supreme Court order or opinion "final" 21 days after it is issued, in order to allow time for a possible petition to rehear.  The district court held that delayed finality under Kentucky's procedure did not entitle Giles to an additional 21 days beyond the normal one-year limitations period.  As a result, the district court held, his federal habeas petition was not timely filed.  The court also determined that there was no basis for equitable tolling.  We agree, and we therefore affirm the district court's order dismissing Giles's habeas action.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), the one-year statute of limitations for filing a federal habeas petition begins to run from the latest of four dates—in this case "the date on which the judgment became final by *the conclusion of direct review* or the *expiration of the time for seeking such review*."  28 U.S.C. § 2244(d)(1)(A) (emphasis added).[1]  As the Supreme Court explained in *Gonzalez v. Thaler*, that provision consists of "two prongs":

---

[1]Pursuant to 28 U.S.C § 2244(d)(1), the limitations period for federal habeas petitions runs from the latest of the following four dates: (A) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"; (B) "the date on which the impediment to filing an application created by State action . . . is removed"; (C) "the date on which the constitutional right asserted was initially recognized by the Supreme Court"; or (D) "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence."  28 U.S.C § 2244(d)(1)(A)-(D).  The only relevant provision here is § 2244(d)(1)(A).

Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

__ U.S. __, 132 S.Ct. 641, 653-54 (2012) (discussing 28 U.S.C. § 2244(d)(1)(A)).

In state criminal cases, such as this one, the time to file a petition for a writ of certiorari is "prescribed by rules of the Supreme Court." 28 U.S.C. § 2101(d). In turn, Supreme Court Rule 13.3 allows a petitioner 90 days from "the entry of the judgment or order sought to be reviewed" to file a timely petition for certiorari. Sup. Ct. R. 13.3. The central issue in this case is whether "the date of the entry of the judgment or order" in Rule 13.3 should be interpreted to refer to the date on which the Kentucky Supreme Court issued its opinion and order affirming Giles's conviction, or to the later date on which the judgment became "final" under Kentucky Rule 76.30.

The relevant portions of Kentucky Rule of Civil Procedure 76.30, applicable to both civil and criminal appeals in Kentucky, are as follows:

(a) An opinion of the Supreme Court becomes final on the 21st day after the date of its rendition unless a petition [for rehearing] has been timely filed or an extension of time has been granted for that purpose.

\* \* \*

(e) When an opinion has become final, the clerk of the appellate court that rendered it shall . . . note the filing on the proper docket.

\* \* \*

(f) No mandate shall be required to effectuate the final decision of an appellate court, whether entered by order or by opinion.

Ky. R. of Civ. P. 76.30(2)(a),(e),(f); *see also* Ky. R. Crim. P. 12.02 (applying Kentucky Rule of Civil Procedure 76 to criminal actions).

Giles was convicted of second-degree manslaughter in Kentucky state court in 2007 and was sentenced to 15 years' imprisonment. After the Kentucky Court of Appeals affirmed his

conviction, Giles appealed to the Supreme Court of Kentucky, which likewise affirmed his conviction in an opinion dated October 21, 2010, as indicated on the court's docket on that same day. Under Kentucky Rule 76.30(2)(a), the opinion was considered final for state-law purposes 21 days later on November 12, 2010, as reflected on the docket by a notation labeled "finality."

Giles did not file a petition for certiorari in the United States Supreme Court, although he had 90 days in which to do so. That 90-day period, measured from state court's decision on October 21, 2010, ended on January 19, 2011. Instead, Giles filed a post-conviction challenge to his conviction in state court on February 23, 2011, at which point 34 days of the one-year limitations period for his federal habeas petition had elapsed. The parties agree that the limitations period was tolled while Giles's post-conviction action was pending in state court, leaving 331 days yet to run. His motion to vacate the judgment of conviction in his case was denied by the trial court; the Kentucky Court of Appeals affirmed the denial; and the state Supreme Court denied discretionary review on May 15, 2013. On May 16, 2013, the limitations period began to run again, *see* Fed. R. Civ. P. 6(a), and expired 331 days later, on April 12, 2014. Because April 12 was a Saturday, Giles had until Monday, April 14, 2014, to file his petition. *See* Fed. R. Civ. P. 6(a)(1)(c).

On May 1, 2014, Giles filed his current habeas petition in federal court, claiming ineffective assistance of counsel. The warden moved to dismiss Giles's habeas petition as untimely, pointing out that the statute of limitations made the habeas petition due no later than April 12, 2014. Giles resisted the motion to dismiss, contending that the date on which the state court judgment became "final" (November 12, 2010) was the date that triggered the limitations period; that the limitations period did not expire until May 2, the day *after* his habeas petition was filed; and that his petition was therefore timely. The district court agreed with the warden, concluding that Giles's petition was untimely and ruling that equitable tolling was not appropriate. Giles now appeals that decision.

The timeliness of Giles's federal habeas petition depends on whether "the date of entry of the judgment or order," identified in Supreme Court Rule 13.3 as triggering the time to file a certiorari petition, refers to the date that the Kentucky Supreme Court issued its opinion *or* to the date that the decision was noted on the court's docket as "final." Giles argues on appeal that the

latter date controls, relying principally on *Palmer v. Commonwealth*, 3 S.W.3d 763 (Ky. Ct. App. 1999), in which the state appeals court held that the limitations period for filing a *state* post-conviction action runs from the date of finality of the judgment on direct appeal, not from entry of the trial court's judgment of conviction. *Id.* at 764-65. But the choice that was dispositive in *Palmer* is not the choice we face here, making that case inapposite from Giles's. Instead, we look to Rule 13.3:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or *order sought to be reviewed*, and *not from the issuance date of the mandate (or its equivalent under local practice)*.

Sup. Ct. R. 13.3 (emphasis added).

Two conclusions quickly become apparent from the language of Rule 13.3. First, the date to file is related to the "order sought to be reviewed," which in this case quite obviously would be the Kentucky Supreme Court's opinion and order, not the one-word notation of finality added to the docket three weeks later. Second, Kentucky's appellate procedure formerly included the issuance of a mandate, but that requirement was eliminated by a 1981 amendment and replaced with entry of the notation of finality 21 days after the last opinion or order in the case. *Compare* Ky. R. Civ. P. 76.30 (1978) *with* Ky. R. Civ. P. 76.30 (1981). Because the language of the finality provision closely tracks that of the mandate provision that it replaced,[2] we conclude that the Kentucky rule on delayed finality replaced the formalistic device of the mandate. *See Hutson v. Commonwealth*, 215 S.W.3d 708, 713 (Ky. Ct. App. 2006) (explaining that the "finality" rule has the same function as the "mandate" requirement). As a result, it is clear that the notation of finality is the "equivalent [of a mandate] under local practice" and has no relevance to the calculation of time for filing a certiorari petition under Supreme Court Rule 13.3. It follows that Giles's petition for habeas relief was filed 17 days too late.

---

[2]For example, the 1981 version of Rule 76.30 states, in relevant part, "An opinion of the Supreme Court becomes final on the 21st day after the date of its rendition unless a petition under Rule 76.32 has been timely filed or an extension of time has been granted for that purpose." Ky. R. Civ. P. 76.30(2)(a) (1981). The 1978 version of Rule 76.30 states, in relevant part, "A mandate of the Supreme Court shall be issued on the 21st day after the date its opinion was rendered unless a petition under Rule 76.32 has been timely filed." Ky. R. Civ. P. 76.30(2)(a) (1978). The strong similarities between the two statutes support the conclusion that the finality procedure replaced the mandate procedure.

Having determined that Giles's petition was untimely, we need to decide only whether the limitations period should be tolled for equitable reasons. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). In order for the limitations period to be tolled equitably based on attorney error, which is the claim here, the error must be "far more serious" than "a garden variety claim of excusable neglect." *Id.* at 651-52 (internal quotation marks and citation omitted).

Generally, an attorney's misunderstanding of a filing deadline is not grounds for equitable tolling. *See id.* ("[S]imple 'miscalculation' that leads a lawyer to miss a filing deadline" does not warrant equitable tolling.); *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling."); *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) ("Generally, a lawyer's mistake is not a valid basis for equitable tolling.") (internal quotation marks and citation omitted). Thus, the error made by Giles's attorney in calculating the filing deadline for the habeas petition is not sufficient grounds for equitable tolling.

For the reasons set out above, we conclude that the district court correctly calculated the limitations period for the filing of Giles's habeas petition. We also conclude that the district court correctly found that Giles's attorney's error in calculating the filing deadline was not an extraordinary circumstance warranting equitable tolling of the statute of limitations. We therefore AFFIRM the judgment of the district court.