RENDERED:  OCTOBER 23, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0760-MR

JOHN MCGUFFIN                                                                    APPELLANT

v.
APPEAL FROM GRAYSON CIRCUIT COURT
HONORABLE KENNETH H. GOFF, II, JUDGE
ACTION NO. 14-CR-00076

COMMONWEALTH OF KENTUCKY                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE:  John T. McGuffin ("McGuffin") appeals the Grayson

Circuit Court's order denying his motions for an evidentiary hearing and to vacate

the judgment under RCr[1] 11.42.  After careful review, we affirm.

## BACKGROUND

On November 15, 2013, in a controlled buy set up by the
Leitchfield Police Department, a confidential informant
purchased what he believed was two grams of

---

[1] Kentucky Rules of Criminal Procedure.

methamphetamine from McGuffin. A second controlled buy was carried out on January 15, 2014, with the same confidential informant purchasing what he thought was one gram of methamphetamine.

*McGuffin v. Commonwealth*, No. 2015-CA-000553-MR, 2016 WL 4575639, at *1 (Ky. App. Sept. 2, 2016). McGuffin was indicted for trafficking in a controlled substance in the first degree (two or more grams of methamphetamine)[2] and being a persistent felony offender in the first degree ("PFO I").[3]

Prior to trial, McGuffin's counsel filed a notice indicating he intended to use testimony and information from cases involving Bobby Skaggs, Brandy Lee, Kimberly Holderman, Chad Clemons, and Acey Meredith. Record ("R.") at 123. At the outset of trial, McGuffin's counsel presented the trial court with a list of potential witnesses for the defense, which included Jacob Hayes, Kimberly Holderman, Bobby Skaggs, Brandy Lee, Krishna "KeeKee" Rye,[4] and Laura Ferguson. R. at 134. However, trial counsel then informed the trial court he would not be calling those witnesses because they remained under indictment and trial counsel had been informed by their counsel that none would testify. Video Record ("V.R.") at 2/25/2019, 9:01:50.

---

[2] Kentucky Revised Statutes (KRS) 218A.1412(1)(b), a Class C felony.

[3] KRS 532.080(3).

[4] McGuffin refers to this individual as KiKi Rye throughout his filings in the trial court and brief.

At trial, the Commonwealth presented testimony from several witnesses, including Detective Brandon Cook of the Leitchfield Police Department and Greater Hardin County Drug Task Force. Detective Cook testified to arranging the two controlled buys of methamphetamine from McGuffin using Donald Russell, a confidential informant. Detective Cook arranged for audio recording of both controlled buys. Both recordings were played for the jury. Russell also testified at trial to purchasing methamphetamine from McGuffin on the two occasions arranged by Detective Cook. McGuffin's trial counsel did not present testimony from any witnesses at trial.

Ultimately, the jury found McGuffin guilty of both charges and he was sentenced by the trial court to imprisonment for twelve years. This Court affirmed McGuffin's conviction on direct appeal. *McGuffin*, 2016 WL 4575639, at *1. The Supreme Court of Kentucky denied McGuffin's motion for discretionary review on March 14, 2018. *McGuffin v. Commonwealth*, No. 2016-SC-000533-D.

McGuffin filed his motion to vacate his sentence under RCr 11.42 and for an evidentiary hearing on October 15, 2018. In his motion, McGuffin alleged several grounds for ineffective assistance of counsel, including trial counsel's failure to conduct a proper pre-trial investigation and subpoena four witnesses: Brandy Lee, Christy Russell, KiKi Rye, and Jacob Hayes. The trial court denied McGuffin's motion on grounds that it was untimely filed under RCr 11.42(10) and

insufficiently specific under RCr 11.42(2). The trial court later denied McGuffin's

motion to alter, amend, or vacate the judgment. This appeal followed.

## STANDARD OF REVIEW

A successful claim of ineffective assistance of counsel must survive

the twin prongs of "performance" and "prejudice." *Strickland v. Washington*, 466

U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), *accord Gall v.*

*Commonwealth*, 702 S.W.2d 37 (Ky. 1985).

> First, the defendant must show that counsel's
> performance was deficient. This requires showing that
> counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed by the Sixth
> Amendment. Second, the defendant must show that the
> deficient performance prejudiced the defense. This
> requires showing that counsel's errors were so serious as
> to deprive the defendant of a fair trial, a trial whose result
> is reliable. *Strickland v. Washington*, 466 U.S. 668, 687,
> 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). To
> show prejudice, the defendant must show there is a
> reasonable probability that, but for counsel's
> unprofessional errors, the result of the proceeding would
> have been different. A reasonable probability is the
> probability sufficient to undermine the confidence in the
> outcome. *Id.* at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at
> 695.

*Bowling v. Commonwealth*, 80 S.W.3d 405, 411-12 (Ky. 2002).

A movant is not automatically entitled to an evidentiary hearing on his

motion under RCr 11.42. *Stanford v. Commonwealth*, 854 S.W.2d 742, 743 (Ky.

1993). "An evidentiary hearing is not necessary to consider issues already refuted

by the record in the trial court. Conclusionary allegations which are not supported with specific facts do not justify an evidentiary hearing because RCr 11.42 does not require a hearing to serve the function of discovery." *Hodge v. Commonwealth*, 116 S.W.3d 463, 468 (Ky. 2003), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009).

We review a trial court's judgment on an RCr 11.42 motion for abuse of discretion. *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014).

## ANALYSIS

McGuffin raises three arguments on appeal: (1) the trial court improperly denied his motion for being untimely; (2) the trial court erred in denying his motion because it lacked specificity; and (3) he should be granted leniency in compliance with procedural rules because he is appearing *pro se*.

First, McGuffin timely filed his motion pursuant to RCr 11.42. "Any motion under this rule shall be filed within three years after the judgment becomes final[.]" RCr 11.42(10). A final judgment is the "conclusive judgment in the case, whether it be the final judgment of the appellate court on direct appeal or the judgment of the trial court in the event no direct appeal was taken." *Palmer v. Commonwealth*, 3 S.W.3d 763, 764 (Ky. App. 1999). McGuffin's conviction did not become final until the Supreme Court of Kentucky denied his motion for

discretionary review on March 14, 2018. McGuffin then filed his motion under RCr 11.42 on October 15, 2018, well within the three-year limitation.

Although McGuffin timely filed his motion, the trial court did not abuse its discretion in denying it for lack of specificity under RCr 11.42(2). A motion filed under RCr 11.42 must "state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds." RCr 11.42(2). "Conclusory allegations that counsel was ineffective without a statement of the facts upon which those allegations are based do not meet the rule's specificity standard and so warrant a summary dismissal of the motion." *Roach v. Commonwealth*, 384 S.W.3d 131, 140 (Ky. 2012) (citations omitted).

McGuffin vaguely argues his trial counsel failed to interview, subpoena, or question three witnesses who were present during the controlled buys but does not specify what testimony those witnesses would give or how he was prejudiced by his trial counsel's failure to subpoena them. He states only that Brandy Lee could have testified that Russell tampered with evidence without specifying what that evidence is or in what manner said evidence was tampered with. He then alleges KiKi Rye and Christy Russell could have given testimony contradicting Donald Russell's testimony. Again, he does not specify what testimony Rye or Russell would have given or how it would contradict Donald

Russell's testimony. Failure to "specify precisely what exculpatory or mitigating evidence" witnesses would have provided is fatal to a claim that the movant was "prejudiced by the ostensible lack of investigation by counsel of those witnesses." *Williams v. Commonwealth*, 336 S.W.3d 42, 50 (Ky. 2011). Without explanation of the specific evidence the three potential witnesses may have provided, we cannot find the trial court erred in denying McGuffin's motion without an evidentiary hearing.

Furthermore, we note McGuffin raised several additional grounds for ineffective assistance of counsel in his motion before the trial court but, apart from the single argument addressed above, he abandoned those arguments on appeal. "Arguments not pursued on appeal are deemed waived." *Garland v. Commonwealth*, 458 S.W.3d 781, 785 (Ky. 2015) (citations omitted). Therefore, we need not address any other grounds McGuffin raised before the trial court.

Finally, McGuffin broadly argues he should have been granted leniency as to compliance with procedural and substantive requirements because he is appearing *pro se*. "A new theory of error cannot be raised for the first time on appeal." *Springer v. Commonwealth*, 998 S.W.2d 439, 446 (Ky. 1999). This argument is unpreserved for our review because McGuffin did not first raise it before the trial court. Therefore, we will not address it herein.

## **CONCLUSION**

For the foregoing reasons, we affirm the order of the Grayson Circuit

Court denying McGuffin's motion for relief under RCr 11.42.

ALL CONCUR.

BRIEF FOR APPELLANT:

John T. McGuffin, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky