RENDERED:  DECEMBER 5, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1357-MR

JOHN R. CECIL, JR.                                                                                 APPELLANT


                              APPEAL FROM JEFFERSON CIRCUIT COURT
v.                          HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
                                          ACTION NO. 15-CR-000418


COMMONWEALTH OF KENTUCKY                                                    APPELLEE


OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

McNEILL, JUDGE:  John R. Cecil, Jr. ("Cecil") appeals from the denial of his

RCr[1] 11.42 motion alleging ineffective assistance of counsel and motion for an

evidentiary hearing.  We affirm in part, reverse in part, and remand.

---

[1] Kentucky Rules of Criminal Procedure.

## BACKGROUND

On December 28, 2014, Cecil struck Caroline Fouts with his vehicle while she was crossing the road. At the time of the accident, Cecil was highly intoxicated. Following a jury trial, Cecil was convicted of first-degree assault and driving under the influence and sentenced to eleven years in prison.[2]

Subsequently, Cecil moved pursuant to RCr 11.42 to vacate, set aside, or correct his sentence, arguing ineffective assistance of counsel. Specifically, he argued that counsel failed to advise him properly of the Commonwealth's plea offer, failed to investigate discovery material, and was ineffective in cross-examining witnesses regarding the location of the accident, which led to his conviction for a more serious offense. The trial court denied the motion, finding that it was time-barred under RCr 11.42(10). As to counsel's failure to investigate and cross-examine witnesses, the court also found that Cecil could not prove prejudice. This appeal followed.

## STANDARD OF REVIEW

"[A] party seeking RCr 11.42 relief for ineffective assistance of counsel has the burden of proving (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense." *Commonwealth v.*

---

[2] Cecil's conviction was affirmed on appeal in *Cecil v. Commonwealth*, No. 2018-CA-001046-MR, 2020 WL 4515286, at *1 (Ky. App. Jul. 24, 2020).

*Searight*, 423 S.W.3d 226, 230 (Ky. 2014) (internal quotation marks omitted) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)). "In reviewing an RCr 11.42 proceeding, the appellate court reviews the trial court's factual findings for clear error while reviewing the application of its legal standards and precedents de novo." *Ford v. Commonwealth*, 628 S.W.3d 147, 156 (Ky. 2021) (citation omitted).

## ANALYSIS

Cecil first argues the trial court erred in denying his RCr 11.42 motion as time-barred. We agree. RCr 11.42(10) states that "[a]ny motion under this rule shall be filed within three years after the judgment becomes final[.]" In Kentucky, "a judgment of conviction is not final until judgment has been entered in the final appeal of the case." *Palmer v. Commonwealth*, 3 S.W.3d 763, 765 (Ky. App. 1999). Here, Cecil's conviction became final on February 9, 2021, the date the Kentucky Supreme Court denied discretionary review of his direct appeal. *See* RAP[3] 40(G)(2) and (4). Therefore, pursuant to RCr 11.42(10), Cecil had three years from February 9, 2021 (or until February 9, 2024) to file his RCr 11.42 motion. Cecil timely filed his motion on February 2, 2024, within the three-year requirement of RCr 11.42(10). The trial court erred in finding Cecil's RCr 11.42 motion time-barred.

---

[3] Kentucky Rules of Appellate Procedure.

Cecil next argues he was entitled to an evidentiary hearing on his RCr 11.42 motion. A hearing is required on an RCr 11.42 motion "if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001) (citations omitted). "If the record refutes the claims of error, there is no need for an evidentiary hearing." *Bowling v. Commonwealth*, 981 S.W.2d 545, 549 (Ky. 1998) (citation omitted). "A hearing is also unnecessary where the allegations, even if true, would not be sufficient to invalidate the conviction." *Id.* (citation omitted).

Here, the trial court ruled that "since all claims are time-barred, there is no basis to hold an evidentiary hearing." However, because Cecil's RCr 11.42 motion was timely, this was not a valid reason to deny an evidentiary hearing. Therefore, we look to "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Searight*, 423 S.W.3d at 231 (citing *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967)).

Cecil's RCr 11.42 motion made two main allegations: (1) counsel failed to investigate discovery material and impeach witnesses about the location of the accident, and (2) counsel failed to advise him properly of the

-4-

Commonwealth's plea offer. Concerning the first allegation, the trial court summarized Cecil's argument as follows:

> [Cecil] contends that if counsel had been able to establish, through impeachment of the witnesses, that the accident occurred on Lexington Road rather than Frankfort Avenue, the jury could have inferred that the witnesses were crossing the road against the light, and therefore [Cecil] did not run the red light when he hit Fouts. Without the testimony that [Cecil] ran the light, [Cecil] contends that there would not have been evidence of wantonness demonstrating extreme indifference to human life, and he would not have been convicted of Assault in the First Degree. [Cecil] asserts that it was only his inquiry in March 2024 regarding discovery materials in the related civil action that revealed that Ms. Fouts had, through her Civil Complaint and Jury Demand, placed the impact location on Frankfort Avenue. [Cecil] asserts that counsel was ineffective for failing to obtain this material for use in the cross-examination of the witnesses.

The trial court ruled that even if this claim were not time-barred, Cecil was not entitled to RCr 11.42 relief because he could not establish prejudice. It found that Cecil's high blood alcohol content (almost four times the legal limit), his acknowledgement to officials that his blood alcohol level would be very high, and his failure to perceive the need to immediately stop after hitting Fouts with his vehicle was "sufficient for the jury to find wanton conduct creating a substantial and unjustifiable risk that death or serious physical injury to another would occur." Thus, Cecil could not establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

We agree with the trial court that Cecil cannot establish prejudice on this claim of ineffective assistance of counsel. Even if counsel was deficient in failing to obtain discovery material or effectively impeach witnesses about the location of the accident, the evidence was sufficient for a jury to convict Cecil of first-degree assault. "A person is guilty of assault in the first degree when . . . [u]nder circumstances manifesting extreme indifference to the value of human life he wantonly engages in conduct which creates a grave risk of death to another and thereby causes serious physical injury to another person." KRS 508.010(1)(b).

Our Supreme Court "has made clear that intoxication, along with other factors, can suffice to prove . . . circumstances manifesting extreme indifference to human life." *Bowling v. Commonwealth*, 553 S.W.3d 231, 237 (Ky. 2018) (internal quotation marks and citation omitted). Further, "operating a vehicle in an intoxicated state is indicative of wantonness[.]" *Doneghy v. Commonwealth*, 410 S.W.3d 95, 103 (Ky. 2013). In *McCargo v. Commonwealth*, 551 S.W.3d 439, 442-43 (Ky. App. 2017), a panel of this court found sufficient evidence of wantonness to support a conviction for first-degree assault where defendant "was intoxicated, had taken the wheel from his designated driver, and was attempting to parallel park an SUV on a busy street crowded with pedestrians and patrons sitting at a sidewalk table."

Here, Cecil was driving while highly intoxicated (his BAC was .302), at night, in the rain, and continued driving for one or two blocks with Fouts on the hood of his car. This evidence was more than sufficient for a jury to find that Cecil acted with extreme indifference to the value of human life. "Where the record is clear that an ineffective assistance of counsel claim would ultimately fail the prejudice prong of *Strickland*, regardless of the outcome of a hearing on the deficiency prong, the trial court should be affirmed even in the absence of such a hearing." *Haley v. Commonwealth*, 586 S.W.3d 744, 751 (Ky. App. 2019). Therefore, the trial court did not err in denying this claim of ineffective assistance of counsel without an evidentiary hearing.

Cecil's RCr 11.42 motion also claimed that counsel was ineffective in failing to advise him properly of the Commonwealth's plea offer. According to Cecil, in June of 2015, the Commonwealth extended a plea offer of ten years, with 20 percent parole eligibility. He claims counsel did not inform him of the particulars of the agreement, including whether he was eligible for shock probation, when the offer would expire, or what he would be required to plead guilty to. Furthermore, he argues there was no discussion of the likelihood of receiving probation; he was only told that the Commonwealth would object to probation. And he contends counsel repeatedly advised him to hold out for a better offer or proceed to trial.

In 2018, on the eve of trial, counsel informed Cecil that the judge would likely grant probation if he accepted the plea offer. Cecil decided to take the plea deal. At that point, however, it was too late. The new prosecutor had revoked the offer and wanted to proceed to trial.

Cecil claims that but for counsel's failure to clearly explain the offer (and advice not to accept it), he would have entered a guilty plea and received a significantly lighter sentence. Cecil argues an evidentiary hearing is necessary to resolve factual questions concerning: (l) counsel's advice to hold out for a better plea offer from the Commonwealth or proceed to trial, (2) whether or not counsel discussed the specifics of the original plea offer with the Cecil, including whether or not the trial court would grant probation, and (3) whether or not counsel discussed shock probation eligibility, statutory good time credits, and possible outcomes if the offer was rejected and taken to a jury trial to face a possible violent felony conviction.

The Commonwealth contends that Cecil's claim is procedurally barred because he should have raised it in a previous post-conviction motion. Cecil filed both a direct appeal and a CR 60.02 motion. However, "claims of ineffective assistance are not properly raised on direct appeal, but rather must proceed by way of a post-trial motion under RCr 11.42 to allow the trial court the opportunity to review the issues." *Furnish v. Commonwealth*, 95 S.W.3d 34, 52

(Ky. 2002), *as modified* (Dec. 10, 2002) (citation omitted).  Further, a defendant generally may only seek relief under CR 60.02 after seeking relief under RCr 11.42.  *See, e.g.*, *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983) ("The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02.").  Therefore, Cecil's claim was brought correctly under RCr 11.42.

Turning to the merits, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145, 132 S. Ct. 1399, 1408, 182 L. Ed. 2d 379 (2012).  "As part of this advice, counsel must communicate to the defendant the terms of the plea offer, and should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed[.]" *Purdy v. United States*, 208 F.3d 41, 45 (2d Cir. 2000).  "In determining whether counsel is effective during plea negotiations the Court must assess 'what risks were attendant to trial versus the benefits to be gained vis-à-vis a plea bargain, and counsel's conduct with respect to communicating these factors to the defendant.'" *Commonwealth v. McGorman*, 489 S.W.3d 731, 745 (Ky. 2016)

(citing *Osborne v. Commonwealth*, 992 S.W.2d 860, 864 (Ky. App. 1998)).

"[W]here a plea of guilty may result in a lighter sentence than might, otherwise, be imposed should the defendant proceed to trial, influencing a defendant to accept this alternative is proper." *Osborne*, 992 S.W.2d at 864 (citations omitted).

Cecil alleges that counsel did not discuss the particulars of the Commonwealth's plea offer with him and advised him to reject the plea offer and hold out for a better one. The record does not conclusively refute these allegations. While there was a lengthy discussion concerning the history of plea negotiations on the morning of the trial, details of the conversations between counsel and Cecil that may be relevant to these concerns, were left out. If true, counsel's performance may have been deficient.

However, Cecil must also prove prejudice. *Frye* holds that:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Frye*, 566 U.S. at 147, 132 S. Ct. 1409 (citation omitted).

-10-

Cecil alleges he would have taken the original offer had it been explained to him and had he been encouraged to, as evidenced by his willingness to accept a less favorable offer on the day of trial. He further claims the trial court's willingness to allow a plea deal is demonstrated by its desire for the parties to consider a plea bargain on the morning of trial. Lastly, he contends he would have received a more favorable sentence by pleading guilty. He was ultimately convicted of first-degree assault and sentenced to eleven years in prison. Had he accepted the Commonwealth's original offer of ten years with 20 percent parole eligibility, he contends he would have served two years, at most.

The record does not refute Cecil's allegation of prejudice. Therefore, an evidentiary hearing is required to ascertain whether trial counsel adequately explained the Commonwealth's original plea offer to Cecil, and whether counsel discouraged Cecil from accepting the offer, and if so, why. Because an evidentiary hearing is required on this claim, counsel should be appointed to represent Cecil. RCr 11.42(5). Following the evidentiary hearing, the trial court must then determine whether counsel's performance was deficient. As noted above, "[i]n determining whether counsel is effective during plea negotiations the Court must assess 'what risks were attendant to trial versus the benefits to be gained vis-à-vis a plea bargain, and counsel's conduct with respect to communicating these factors to the defendant.'" *Commonwealth v. McGorman*,

489 S.W.3d 731, 745 (Ky. 2016) (citing *Osborne v. Commonwealth*, 992 S.W.2d 860, 864 (Ky. App. 1998)).  If deficient, the court must further determine whether Cecil was prejudiced thereby, under the standard outlined in *Frye*.  Cecil bears the burden of proving both deficient performance and prejudice.  We express no opinion on the merits of Cecil's ineffective assistance claim; we hold only that he is entitled to an evidentiary hearing and an opportunity to prove his contentions.

"[S]hould the trial court determine [Cecil] has made a valid RCr 11.42 claim, then the next step will be to fashion an appropriate remedy." *Osborne*, 992 S.W.2d at 865.  In *Osborne*, we discussed the appropriate remedy for ineffective assistance of counsel during the plea negotiation process, leading to a lapsed or rejected plea deal.  We noted that "the only way to neutralize the constitutional deprivation suffered by [a defendant] would seem to be to provide [the defendant] with an opportunity to consider the [Commonwealth's initial] plea offer with the effective assistance of counsel." *Id.* (citing *Turner v. State of Tenn.*, 858 F.2d 1201, 1208 (6th Cir. 1988), *cert. granted, vacated on other grounds sub nom. Tennessee v. Turner*, 492 U.S. 902, 109 S. Ct. 3208, 106 L. Ed. 2d 559 (1989)).  "The Commonwealth may withdraw its prior offer only if it can rebut the presumption that the withdrawal is the product of prosecutorial vindictiveness." *Id.* at 866.  The presumption can be overcome "by objective evidence justifying the prosecutor's action." *United States v. Goodwin*, 457 U.S. 368, 376 n.8, 102 S. Ct.

2485, 2490 n.8, 73 L. Ed. 2d 74 (1982); s*ee also United States v. LaDeau*, 734 F.3d 561, 566 (6th Cir. 2013) (citation and internal quotation marks omitted) ("The government bears the burden of rebutting the presumption with objective, on-the-record explanations . . . .").

## CONCLUSION

Accordingly, the Jefferson Circuit Court's order denying Cecil's RCr 11.42 motion and motion for an evidentiary hearing is affirmed as to Cecil's claim that counsel was ineffective for failing to investigate discovery and impeach witnesses concerning the location of the accident, reversed as to Cecil's claim that counsel was ineffective in failing to advise him properly of the Commonwealth's plea offer, and remanded for an evidentiary hearing on this claim.

ALL CONCUR.

BRIEFS FOR APPELLANT:

John R. Cecil, Jr., *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Kristin L. Condor
Assistant Attorney General
Frankfort, Kentucky