## Jefferson County v. Gray, Sheriff.

(Decided April 13, 1923.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Taxation—Statute Requiring Sheriff to Pay Over Collections Every 60 Days Does not Mean Each Two Months.—Ky. Stats., section 932, making it the duty of the sheriff to pay over taxes collected by him on the 1st day of May and every 60 days thereafter, does not mean he shall pay over every two calendar months, and cannot be given that meaning because section 4137 requires him to balance his books on the 1st of each month, so that he is required to pay over the funds on the 27th of December, and not on the 1st of January.

2. Taxation—Requirement that Sheriff Pay Collections Over Every 60 Days Does not Prevent Requirement He Pay Oftener.—Ky. Stats., section 932, making it the duty of the sheriff to pay over taxes collected by him on May 1st, and every 60 days thereafter, does not, in view of section 1884, which was enacted at the same session, and which requires him to give bond to pay over in due

time as directed by the fiscal court, deprive the fiscal court of authority to require him to pay over money collected by him oftener than every 60 days if the money is needed by the county.

3.  Statutes—Rule as to Express Mention and Implied Exclusion Does not Apply to Defeat Intention.—The familiar and general rule of statutory construction that the mention of one thing implies the exclusion of another is not of universal application, and is to be applied only as an aid in arriving at intention, and not to defeat it.

J. MATT CHILTON and WM. F. CLARKE for appellant.

JOHN G. HEYBURN and PETER, LEE, TABB & KRIEGER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an action under the declaratory judgment law, chapter 83, page 235, of the 1922 Acts of the Legislature, to decide a controversy that has arisen between Jefferson county and its sheriff, as to when he is required to pay to the county treasurer county revenues collected by him.

The controversy arose in this way: On December 27, 1922, the sheriff had in his hands $817,634.73 of county revenue. Upon that date notes aggregating $350,000.00 matured, which tue county had executed to several banks for needed advancements in anticipation of these revenues, and to obtain funds to discharge these notes, demand was made of the sheriff by the county for the money in his hands. He refused to turn over same until January 1, 1923, claiming that under section 932 of Kentucky Statutes he was not required to do so until that date.

932, *supra,* provides that:

"It shall be the duty of the sheriff or other collecting officer of the county to pay to the county treasurer, on the first day of May, and every sixty days thereafter, all money in his hands collected by him for the county, . . . and on final settlement . . . he shall pay all money in his hands, if any remaining after said settlement, to the county treasurer."

Construed literally and alone, this section plainly required the sheriff to make these payments every sixty days, or on May 1, June 30, August 29, October 28, and December 27, but construing this section in connection with section 4127, the lower court held, as the sheriff contended, that by sixty days the legislature meant two calendar months, and that the payments were therefore

due on May 1st and on the first day of each second month thereafter.

Section 4137 throws no light on the question, unless by the provision that the sheriff "shall balance his books on the first day of each month, so as to show the correct amount on hand belonging to each fund on the day the balance is made."

To our minds this provision only indicates that the legislature could have saved the sheriff some labor, if it had desired to do so, by making his payments fall due on the same days he was required to balance his books, but section 932 does not indicate that it so desired. On the contrary, it directs him to make his payments, not on the first day of each month when he is required to balance his books, but on May 1 and every sixty days thereafter. This direction is so explicit and plain as, in our judgment, to leave no room for judicial interference with the legislative will as expressed under the guise of construction.

But did the legislature, by its command that the sheriff *shall* on these dates pay over to the county treasurer all funds collected by him for the county, mean that he could at all other times withhold from the county its funds, despite its needs and demand therefor?

It certainly did not say so, and in our judgment there is nothing in this section, or any other we can find, from which such an intention can be reasonably inferred.

The only imaginable basis for such a contention would be that by commanding payments on certain dates, payments on all other dates were excluded. It is a familiar and general rule of statutory construction that the mention of one thing implies the exclusion of another, as is expressed in the maxim *"Expressio unius est exclusio alterius,"* but it is not of universal application, and is to be applied only as an aid in arriving at intention, and not to defeat it. 25 R. C. L. 983. Its application here, in our judgment, not only would give to section 932 a meaning never intended, since it is unthinkable that the legislature ever intended to deprive a county of its funds in the hands of its collecting officers when same were needed, but also would repeal by implication a provision of section 1884 of the statutes, theretofore enacted at the same session of the legislature, that the sheriff shall give bond for the faithful performance of his duties as collecting officer, "and to pay over in due time to the proper party.

as directed by the (fiscal) court, all money collected by him."

This same section also provides that such collecting officer shall settle his accounts with the fiscal court annually, and that he "may be required to settle oftener, in the discretion of said court."

We therefore conclude that section 932, *supra*, means only that the sheriff shall pay to the county treasurer all funds in his hands due the county on May 1, and every sixty days thereafter, and does not abridge the right of the county, acting through its fiscal court by proper orders, to require him to make payments of county funds in his hands at such other times as in its discretion seems proper.

Wherefore the judgment is reversed, with directions to enter another in conformity with the views expressed above.