**Terry HAWLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 94–CA–2302–MR.**

Court of Appeals of Kentucky.

Oct. 20, 1995.

sists of an interest in the rights that are the subject of the purchase, sale, or lease. ..." KRS 324.010.

James D. Lashbrook, Assistant Public Advocate, Owensboro, for appellant.

Chris Gorman, Attorney General, Ian G. Sonego, Assistant Attorney General, Frankfort, for appellee.

Before LESTER, C.J., and JOHNSTONE and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from the order entered by the Garrard Circuit Court on September 21, 1994, revoking the appellant's probation and remanding him to custody to serve the remainder of a twelve-month sentence received for second-degree wanton endangerment and two counts of resisting an order to stop vehicle.

On February 11, 1994, the appellant was sentenced to twelve-months' imprisonment probated for a period of six months. As a condition to his probation, the appellant was to refrain from driving for 90 days and was to avoid further violation of the law. The appellant was subsequently arrested on April 10, 1994, for driving under the influence and on April 14, 1994, for terroristic threatening.

On June 10, 1994, the appellant entered a plea of guilty to the charge of driving under the influence. On that date, the Garrard Circuit Court found that the appellant violated his probation by: 1) driving without a license; and 2) driving while under the influence of alcohol. The trial court ordered that he serve thirty days in jail with the right to work release and reaffirmed all prior orders relative to probation. That order was entered on June 16, 1994.

On June 26, 1994, the appellant was found guilty of terroristic threatening and was sentenced to 90 days' imprisonment probated for a period of two years. An order was entered on August 16, 1994, in the Garrard Circuit Court directing that a summons be issued for the appellant to appear at a hearing on September 9, 1994, to determine if probable cause existed to believe that his original sentence of probation had been violated.

The appellant moved the trial court to dismiss the motion to revoke probation, alleging that the summons was not timely issued. By order entered on September 16, 1994, that motion was denied. Thereafter, the trial court found that the appellant had violated his probation. The trial court ordered the revocation of the order of probation and remanded the appellant to custody to serve the remainder of his sentence in the Lincoln County Jail. This appeal followed.

The appellant urges this court to reverse the decision of the trial court, arguing that his probation was not revoked in a timely manner. Specifically, he submits that he was discharged from his probation pursuant to KRS 533.020(4). He maintains that since no warrant was pending against him on August 11, 1994, or 6 months after his probation began to run, he was finally discharged, and the trial court had no jurisdiction to revoke that probation.

The appellee responds that by operation of KRS 533.040(2), the appellant's probation was tolled for a period of two months. Consequently, his probation period ran until October 1994. Since the trial court properly revoked his probation under KRS 533.050(1)(a) before October 1994, the trial court's order should stand. We agree.

KRS 533.040(2) provides as follows:

> If a court, as authorized by law, determines that a defendant violated the conditions of his probation or conditional discharge but reinstates probation or conditional discharge, the period between the date of the violation and the date of restoration of probation or conditional discharge shall not be computed as a part of the period of probation or conditional discharge.

As the briefs indicate, there is a lack of instructive law in interpreting this statute. The appellant suggests that the trial court had never "reinstated" his probation because it had never been revoked; therefore, the statute has no application in this case. This court, however, finds the commentary to this statute persuasive. The commentary explains that

> Subsection (2) seeks to deal with the matter of calculating sentences of probation or conditional discharge when there has been a violation of one of the conditions imposed

upon the defendant. The provision contemplates that there will exist situations in which such a violation will not warrant revocation of the sentence with a subsequent incarceration. In such a situation, the violation of conditions tolls the running of the term until such time as the sentence of probation or conditional discharge is restored by a court.

When we read the statute and commentary together, it seems clear that this case presents one of the very situations in which subsection (2) is intended to toll the running of the probationary period. Upon finding that the appellant had violated the condition of his probation, the trial court, in effect, temporarily revoked that probation by ordering him to jail for thirty days. That same order reinstated the probation at the end of the thirty days by once again permitting the appellant to be at large. This is quite a different situation from a "split sentence" of confinement and non-confinement which is permitted in initial sentencing under KRS 533.030.

The judgment of the Garrard Circuit Court is affirmed.

All concur.