**Christopher L. TUCKER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2007–CA–001545–MR.

Court of Appeals of Kentucky.

Sept. 25, 2009.

Lisa Bridges Clare, Assistant Public Advocate, Julia K. Pearson (argued), Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, M. Brandon Roberts (argued), Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; THOMPSON, Judge; HARRIS,[1] Senior Judge.

## OPINION

HARRIS, Senior Judge (Assigned).

Christopher L. Tucker appeals from a judgment and sentence on plea of guilty dated July 5, 2007, and entered in the Washington Circuit Court on July 6, 2007, sentencing him to two years in prison for Flagrant Non-support. After carefully reviewing the briefs, record, and oral arguments, we reverse and remand this case to the Washington Circuit Court with directions to dismiss the indictment and list this case as "Dismissed–Diverted" pursuant to KRS 533.258. We do so because we are persuaded that in the absence of a motion to revoke being filed before Tucker's pretrial diversion term expired on March 31, 2007, the Washington Circuit Court lacked authority to revoke Tucker's Class D Felony Pretrial Diversion after that date.

Tucker was indicted on a single charge of Flagrant Non-support, a Class D felony. KRS 530.050(6). On April 1, 2004, Tucker entered a plea of guilty, and on the same date the trial court entered an order placing him on Class D Felony Pretrial Diversion (KRS 533.250–.260) for three years; i.e., through March 31, 2007. One of the conditions of pretrial diversion was payment of child support. The pretrial diversion order also scheduled a "final disposition" for April 5, 2007. Although there were some proceedings in the trial court regarding Tucker's payment of child support as noted below, the Commonwealth never applied to the trial court for a hearing to determine whether Tucker's pretrial diversion should be "voided" and whether the trial court should proceed on Tucker's plea of guilty. Such an application would have been authorized by KRS 533.256(1) and could be described as a "motion to revoke," although the statute uses the terms "application" and "voided."

It appears from the record that in the spring of 2005, it came to the trial court's attention that Tucker was not paying his child support. Following a child support review on February 10, 2005, at which Tucker was not present, the trial court

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

issued a bench warrant, with bail set at "cash for arrearage" in the sum of $3,747. Tucker was arrested on that bench warrant on March 10, 2005, and was brought before the trial court for a further child support review on the same date. The notation on the trial court calendar for that event indicated that Tucker was employed and that a child support wage assignment had been issued. Bail was amended to $2,500 unsecured and Tucker was released on bail. A further review was held on May 5, 2005, resulting in a notation that the matter would be "redocket[ed] upon new motion." Nothing else transpired of record [2] until April 5, 2007, five days after the three-year pretrial diversion period had expired. The case came up on the calendar for "final disposition" in accordance with the April 1, 2004, pretrial diversion order. The event was rescheduled to April 12, 2007, at which time Tucker and his counsel appeared and advised the trial court that Tucker was incarcerated on other charges and that nothing had been served upon Tucker regarding revocation of his pretrial diversion in the present case. Tucker's counsel argued that the pretrial diversion had expired as of March 31, 2007, and that it was too late for the trial court to consider any revocation motion which the Commonwealth might make after that date. The trial court disagreed, and even though the Commonwealth still had not filed any motion to "void" or "revoke" pretrial diversion, a final proceeding was held on July 5, 2007. As noted above, on that date the trial court effectively re-

voked Tucker's pretrial diversion and sentenced him to two years in prison.

While we note that counsel have set forth a number of arguments, we believe this case can be resolved merely by noting that the Commonwealth had the means readily at hand to seek to have Tucker's pretrial diversion revoked if it believed his failure to pay child support, or his assault conviction, or any other alleged violation of his pretrial diversion conditions justified such action. Those means are found in KRS 533.256(1). We need not concern ourselves with why the Commonwealth failed to act to have Tucker's pretrial diversion revoked before it expired. The fact is that it did not do so.

It should be remembered that Class D Felony Pretrial Diversion is a unique statutory creature, neither fish nor fowl. Although it has obvious similarities to them, as recognized by KRS 533.254, it differs from probation, probation with an alternative sentencing plan, shock probation, or conditional discharge in that it provides one of the few opportunities under Kentucky law for a qualified [3] defendant to enter a guilty plea or an *Alford* plea to a qualified [4] felony charge and yet, upon successful completion of the pretrial diversion period, not be branded with a felony conviction for the rest of his days.[5] KRS 533.258 clearly provides the carrot component of the "carrot and stick" formula. KRS 533.256 provides the converse by outlining possible consequences for one who

**2.** Tucker had been convicted on an assault charge in another county on July 1, 2006, and sentenced to a term of imprisonment.

**3.** KRS 533.250(1) imposes limitations governing which defendants are eligible to seek pretrial diversion.

**4.** KRS 533.250(1)(a) limits pretrial diversion to Class D felonies.

**5.** Class D Felony Pretrial Diversion also differs from the less structured pretrial diversion practice authorized by Rules of Criminal Procedure (RCr) 8.04 (now limited to misdemeanants, KRS 533.262(2)) by requiring the defendant to enter a guilty plea or an *Alford* plea as a prerequisite to pretrial diversion. KRS 533.250(1)(e).

458

fails to satisfactorily complete the pretrial diversion.

Given the unique nature of Class D Felony Pretrial Diversion, and the profound significance to a defendant placed on Class D Felony Pretrial Diversion of possibly losing his opportunity to avoid a felony conviction, it is not illogical that the General Assembly opted to provide a specific method by which the Commonwealth can seek to have Class D Felony Pretrial Diversion voided. Nor is it illogical that any such effort by the Commonwealth be required to be made before expiration of the pretrial diversion period. We so hold, and thus conclude that the revocation of Tucker's pretrial diversion was error.

■ We note that the Commonwealth has heavily relied upon *Hawley v. Commonwealth,* 908 S.W.2d 130 (Ky.App.1995), for the proposition that Tucker's pretrial diversion period should be deemed extended by the period of time during which he failed to pay child support so as to render the Commonwealth's effort at revocation timely. This reliance is misplaced. *Hawley* is distinguishable from the case at bench because there the trial court made a finding that the defendant had violated his probation, imposed a specific jail sentence for that violation, and reinstated the probation at the end of the jail sentence, thereby bringing the case within the purview of KRS 533.040(2). In the present case, the trial court never made an express determination that Tucker had violated his pretrial diversion conditions, never expressly revoked or modified pretrial diversion, never imposed any sanction for failure to pay child support, and never "reinstated" pretrial diversion.

For the reasons noted above, we reverse the judgment and sentence on plea of guilty entered on July 6, 2007, and remand this case to Washington Circuit Court with directions to dismiss the indictment with prejudice and list this case as "Dismissed–Diverted" pursuant to KRS 533.258.

ALL CONCUR.