**Brandon Jamor BALLARD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2009–SC–000314–DG.**

Supreme Court of Kentucky.

Aug. 26, 2010.

Daniel T. Goyette, Louisville Metro Public Defender, James David Niehaus, Deputy Appellate Defender, Office of the Louisville Metro Public Defender, Louisville, KY, Counsel for Appellant.

Jack Conway, Attorney General, Dorislee J. Gilbert, Special Assistant Attorney General, Teresa Ann Young, Assistant Commonwealth Attorney, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

On January 13, 2005, Appellant, Brandon Jamor Ballard, pled guilty to illegal possession of a controlled substance; failure to be in possession of an operator's license; third-degree criminal trespass; and loitering. In exchange for his plea, he was sentenced to the felony pretrial diversion program, with a one-year prison sentence diverted for three years. One of the

conditions of Appellant's diversion directed that he "shall not commit another offense during the pendency of pre-trial diversion."

On December 21, 2006, during the diversion period, Appellant was arrested for various misdemeanor offenses. On March 22, 2007, he pled guilty to possession of marijuana. He was sentenced to imprisonment for a term of ninety days, which was conditionally discharged.

Five months later, on August 28, 2007, Appellant was arrested for various misdemeanor offenses, including possession of marijuana. These charges have not been resolved. He was again arrested on November 10, 2007, and pled guilty to theft by unlawful taking under $300. He was sentenced to imprisonment for a term of ninety days, which was conditionally discharged.

In light of Appellant's repeated arrests and convictions during the diversion period, the Commonwealth moved to remove him from pretrial diversion on January 3, 2008. Though the diversion period ended on January 14, 2008, the hearing on the motion was not scheduled until February 14, 2008. At the hearing, the trial court dismissed the motion, stating that it lacked jurisdiction because the diversion period had ended.

The Commonwealth appealed. The Court of Appeals reversed, first determining that it had jurisdiction to consider the appeal because the trial court's order was a final and appealable order. Turning to the issue of the trial court's jurisdiction, the Court of Appeals noted that the trial court retains jurisdiction over a diversion agreement until the underlying charges are finally disposed of, whether by dismissal or removal from diversion. Because neither had occurred in Appellant's case, the trial court retained jurisdiction, notwithstanding that the hearing occurred after the diversion period ended.

Appellant sought discretionary review in this Court, which was granted.

### Court of Appeals' Jurisdiction

Appellant first contends that the Court of Appeals lacked jurisdiction to consider the Commonwealth's appeal from the order denying revocation of the diversion agreement. Appellant primarily rests this argument on a belief that the Court of Appeals erred in characterizing the trial court's order as "final and appealable." We agree.

█ "A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding...." CR 54.01. The trial court's order denied the motion to remove Appellant from diversion because the trial court believed it lacked jurisdiction to do so. It did not purport to finally adjudicate the underlying charges.

RCr 8.04(5) states: "In the event that there may be a pending motion by the Commonwealth to terminate the agreement, if the Court shall rule that the motion be denied, then upon entry of said order the indictment, complaint or charges shall be dismissed with prejudice." KRS 533.258(1) likewise requires that the charges be listed as "dismissed-diverted" upon successful completion of diversion. No such language can be found in the trial court's order, which focused solely on its jurisdiction to consider the Commonwealth's motion to remove Appellant from diversion. It, therefore, remains for the trial court to dismiss Appellant's underlying charges. As such, the order cannot be a final and appealable order within the meaning of CR 54.01.

However, the Commonwealth's appeal is from an interlocutory order. The Commonwealth's right to appeal from an interlocu-

tory order is established by KRS 22A.020(4). In response, Appellant argues that KRS 22A.020 is unconstitutional because it is arbitrary and violates the separation of powers doctrine.

### Constitutionality of KRS 22A.020(4)

■ Section 2 of the Kentucky Constitution prohibits "[a]bsolute and arbitrary power over the lives, liberty and property of free men." "Unequal enforcement of the law, if it rises to the level of conscious violation of the principle of uniformity, is prohibited by this Section." *Kentucky Milk Mktg. & Antimonopoly Com'n v. Kroger Co.*, 691 S.W.2d 893, 899 (Ky.1985). "The question of constitutionality . . . requires us to examine the reasonableness of the regulation. . . ." *Boyle County Stockyards Co. v. Commonwealth, Dept. of Agriculture*, 570 S.W.2d 650, 653 (Ky.App. 1978). Appellant claims the statute is arbitrary because it confers on the Commonwealth a right of appeal that the accused does not enjoy.

Indeed, KRS 22A.020(4) is "uniquely for the benefit of the Commonwealth." *Commonwealth v. Nichols*, 280 S.W.3d 39, 42 (Ky.2009). Nonetheless, the provision is reasonable because it furthers the Commonwealth's legitimate interest in the orderly administration of justice. "The wisdom of allowing the Commonwealth to appeal from interlocutory orders has been recognized in this jurisdiction for more than a century." *Commonwealth v. Bailey*, 71 S.W.3d 73, 79 (Ky.2002). As our predecessor Court explained:

> If a defendant be tried and acquitted, he cannot, of course, be again tried, although his release may free a guilty man, and be the result of erroneous decisions of legal questions by the trial court. The injury to the state and the public is then beyond cure as to that particular case. Owing to this fact, doubtless, the legislature saw proper to give to the commonwealth the right to an appeal from a decision of the trial court, although not final in character. . . . It is, indeed, only fair to the public, and proper for its protection, because otherwise the guilty might escape by an acquittal resulting from legal errors[.]

*Commonwealth v. Matthews*, 89 Ky. 287, 12 S.W. 333, 333–34 (1889).

We find this rationale still sound. The Commonwealth's right to appeal from interlocutory orders, pursuant to KRS 22A.020(4), is not in violation of Section 2 of the Kentucky Constitution. *Cf. Hummeldorf v. Hummeldorf*, 616 S.W.2d 794, 797 (Ky.App.1981) ("The sex-based distinction which limits the venue of a divorce action to the resident wife's home county is arbitrary and therefore unconstitutional under the Kentucky Constitution.").

■ Appellant also claims that KRS 22A.020(4) is unconstitutional because it violates the separation of powers doctrine. According to Appellant, Section 110(2) of the Kentucky Constitution vests this Court with exclusive authority to supervise the lower courts through the "all writs" language of that provision. Appellant argues that, by creating the right to appeal pursuant to KRS 22A.020(4), the legislature has improperly infringed upon the discretion otherwise afforded by Section 110(2) and SCR 1.030(3), in violation of the separation of powers provisions of Section 28 of the Kentucky Constitution. We reject this argument.

Section 110(2) concerns the authority of this Court. The Judicial Amendment to the Kentucky Constitution, however, "authorize[s] the General Assembly to prescribe the appellate jurisdiction of the . . . Court of Appeals." *Moore v. Commonwealth*, 199 S.W.3d 132, 138 (Ky.2006) (citing *Bailey*, 71 S.W.3d at 77). Section

111(2) of the Constitution states, in part: "In all other cases, [the Court of Appeals] shall exercise appellate jurisdiction *as provided by law*." (Emphasis added.) By its enactment of KRS 22A.020(4), the General Assembly has exercised the authority granted by Section 111(2) and created a statutory matter-of-right appeal from interlocutory orders. There is no intrusion on this Court's authority pursuant to Section 110.

The arguments advanced by Appellant have previously been considered and rejected by this Court in *Commonwealth v. Littrell*, 677 S.W.2d 881 (Ky.1984) (overruled on other grounds by *Bailey, id.*). In response to the assertion that the General Assembly had "no right nor authority to establish rules of appellate procedure," we stated:

> [T]he legislative enactment of the Commonwealth's right to appeal is a mere new codification of the law of this Commonwealth as it has existed, in principal part, for over one hundred years. Until the adoption of our present Judicial Article, appeals were not constitutionally guaranteed and came more as a matter of legislative grace. The then granting of the right of appeal was substantive, not procedural. The fact that this Court has not attempted to preempt [KRS 22A.020] by the adoption of pertinent Criminal Rules to parallel the old Criminal Code provisions is in itself tacit approval of the propriety and efficacy of the statute. History, tradition, acceptance and long use mandate that this statutory procedure is constitutionally acceptable.

*Id.* at 885.

Accordingly, we reaffirm the constitutionality of KRS 22A.020(4) and the Commonwealth's right to appeal from interlocutory orders created therein. Because, in this case, the trial court's order was an interlocutory order, the Commonwealth was entitled to directly appeal the ruling. As such, the Court of Appeals had jurisdiction to consider the appeal.

### Trial Court's Jurisdiction

■ Appellant next argues that the Court of Appeals erred in concluding that the trial court retained jurisdiction to consider the Commonwealth's motion. He contends that he is entitled to an order dismissing the underlying charges. We disagree.

■ An order of diversion—here, the January 13, 2005 order—does not fully dispose of any criminal charges. Rather, it simply memorializes an agreement that exists between the Commonwealth and the defendant and halts prosecution between admission of guilt and imposition of sentence. Accordingly, the trial court's jurisdiction over the diverted case is extinguished in two circumstances: (1) upon the imposition of sentence in an unsuccessful diversion; or (2) upon entry of an order listing the charges as "dismissed-diverted" as required by KRS 533.258(1) after successful completion of the diversion agreement. Neither has occurred in this case.

Accordingly, the trial court retains jurisdiction over Appellant's underlying criminal charges, including authority to consider the Commonwealth's motion to revoke the diversion agreement. KRS 533.256(1) governs the means by which the Commonwealth may seek to remove a defendant from pretrial diversion:

> If the defendant fails to complete the provisions of the pretrial diversion agreement within the time specified ... the attorney for the Commonwealth may apply to the court for a hearing to determine whether or not the pretrial diversion agreement should be voided and the court should proceed on the defendant's plea of guilty in accordance with the law.

Unlike probation, there is no language in the statute to suggest that a trial court may only revoke the diversion agreement during the diversion period itself. *See* KRS 533.020(1) (when a defendant fails to obey the conditions of probation, the trial court may revoke the sentence "at any time prior to the expiration or termination of the period of probation"). Rather, the trial court has authority to void the diversion agreement, even after the period of diversion has ended, so long as the Commonwealth has entered a timely motion to void prior to expiration of the diversion period. *See* RCr 8.04. *See also Tucker v. Commonwealth,* 295 S.W.3d 455, 458 (Ky. App.2009) (motion by Commonwealth to void diversion agreement is "required to be made before expiration of the pretrial diversion period"). That is precisely what occurred in this case.

Furthermore, Appellant is incorrect that he is entitled to an order listing his charges as "dismissed-diverted." RCr 8.04(5) sets forth the circumstances that must exist before a defendant is entitled to a dismissal of the underlying charges:

> Upon the expiration of the period of suspension of prosecution and upon the completion of the agreement and where there is no motion by the Attorney for the Commonwealth to terminate the agreement upon any grounds permitted under this Rule, the indictment, complaint or charges which are the subject matter of the agreement shall be dismissed with prejudice.

Thus, Appellant would have been entitled to dismissal of the underlying charges had the period of diversion expired, *and* had he completed the diversion agreement, *and* had there been no pending motion to revoke. However, Appellant did not complete the diversion agreement because he was convicted of additional criminal offenses. Also, the Commonwealth moved to revoke the agreement prior to the expiration of the diversion period. An order listing the charges as dismissed-diverted is not warranted.

### Conclusion

The trial court's order did not fully adjudicate the underlying charges and, as such, was interlocutory in nature. However, the Commonwealth was entitled to appeal and the Court of Appeals had jurisdiction to consider the matter because KRS 22A.020(4), granting the Commonwealth the right to appeal from interlocutory orders, is constitutional.

Further, the trial court erred in dismissing the Commonwealth's motion for lack of jurisdiction. Because the Commonwealth filed the motion to revoke diversion within the period of diversion, the trial court retained jurisdiction to consider the motion and order whatever disposition it deemed appropriate, including allowing the Commonwealth to reinstate prosecution of the charges. This is the case, notwithstanding that the hearing occurred after the diversion period ended.

Accordingly, the opinion of the Court of Appeals is affirmed in part and reversed in part. The trial court's order dismissing the Commonwealth's motion is reversed, and the matter is remanded for further action consistent with this opinion.

All sitting. All concur.