RENDERED: NOVEMBER 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0056-MR

ERIC STRAUB                                             APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM CAMPBELL CIRCUIT COURT<br>HONORABLE DANIEL J. ZALLA, JUDGE<br>ACTION NO. 20-CR-00342 |

COMMONWEALTH OF KENTUCKY                            APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: DIXON, GOODWINE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Eric Straub appeals from his conviction of possession of a firearm by a convicted felon and for violating a domestic violence order. Appellant argues on appeal that he was not a felon when charged with possessing the firearm and should not have been convicted of that charge. We believe that Appellant has raised enough questions about the validity of his conviction that additional proceedings are required; therefore, we vacate Appellant's conviction and remand.

## FACTS AND PROCEDURAL HISTORY

On May 26, 2015, Appellant pleaded guilty to first-degree possession of a controlled substance,[1] a Class D felony, and entered into a felony diversion program pursuant to KRS 533.250. The diversion program was to last three years.

On July 8, 2020, Appellant was arrested and charged with violating a domestic violence order[2] and being a convicted felon in possession of a handgun.[3] The felony conviction used for the handgun charge was from his possession of a controlled substance charge in 2015. Appellant ultimately accepted a plea agreement. In exchange for pleading guilty, the possession of a handgun by a convicted felon would be amended to a charge of possession of a firearm by a convicted felon.[4] Nothing would change regarding the violation of the domestic violence order. At Appellant's sentencing hearing, defense counsel discussed the prior diversion arrangement with the court, but believed because Appellant did not move to have his prior conviction dismissed after completing his diversion term, he was still considered a convicted felon. Appellant was sentenced in accordance with the plea agreement. This appeal followed.

---

[1] Kentucky Revised Statutes (KRS) 218A.1415.

[2] KRS 403.763.

[3] KRS 527.040.

[4] KRS 527.040(2)(a) states that the possession of a firearm by a convicted felon is a Class D felony unless the firearm is a handgun, in which case it is a Class C felony.

## ANALYSIS

On appeal, Appellant argues that because he completed his diversion program for the prior felony, he was not a convicted felon when he was charged with possession of the firearm; therefore, his conviction and sentence for possession of a firearm by a convicted felon is illegal and contrary to statute.  The Commonwealth argues that Appellant waived all issues on appeal when he made an unconditional guilty plea.

> While an unconditional guilty plea waives the right to appeal many constitutional protections as well as the right to appeal a finding of guilt on the sufficiency of the evidence, there are some remaining issues that can be raised in an appeal.  These include competency to plead guilty; whether the plea complied with the requirements of *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); subject matter jurisdiction and failure to charge a public offense; and sentencing issues.  In *Roe v. Flores-Ortega*, the United States Supreme Court recognized that "a guilty plea *reduces* the scope of potentially appealable issues."  528 U.S. 470, 480, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000) (emphasis added).

*Windsor v. Commonwealth*, 250 S.W.3d 306, 307 (Ky. 2008) (footnotes and citations omitted).  Such sentencing issues that can still be raised on appeal are that the sentence is illegal and that the plea agreement violated the law.  *McClanahan v. Commonwealth*, 308 S.W.3d 694, 701 (Ky. 2010).

Here, Appellant entered into a diversion program pursuant to KRS 533.250. KRS 533.250(1)(f) requires a person to enter a guilty plea as part of the diversion program. KRS 533.256 states in relevant part:

> (1) If the defendant fails to complete the provisions of the pretrial diversion agreement within the time specified, or is not making satisfactory progress toward the completion of the provisions of the agreement, the Division of Probation and Parole, the victim, or a peace officer may inform the attorney for the Commonwealth of the alleged violation or noncompliance, and the attorney for the Commonwealth may apply to the court for a hearing to determine whether or not the pretrial diversion agreement should be voided and the court should proceed on the defendant's plea of guilty in accordance with the law.

KRS 533.258 states:

> (1) If the defendant successfully completes the provisions of the pretrial diversion agreement, the charges against the defendant shall be listed as "dismissed-diverted" and shall not constitute a criminal conviction.
>
> (2) The defendant shall not be required to list this disposition on any application for employment, licensure, or otherwise unless required to do so by federal law.
>
> (3) Pretrial diversion records shall not be introduced as evidence in any court in a civil, criminal, or other matter without the consent of the defendant.

In the case at hand, Appellant argues that his diversion ended in 2018; therefore, his previous felony charge should have been dismissed and he should not

-4-

have been considered a convicted felon for purposes of the convicted felon in possession of a handgun/firearm charge.

In *Thomas v. Commonwealth*, 95 S.W.3d 828 (Ky. 2003), the Kentucky Supreme Court held that when a defendant pleads guilty and enters into a felony diversion program, as occurred here with Appellant, that defendant is considered a convicted felon until the diversion program is completed. *Id.* at 829-30. In addition, a defendant is entitled to have his conviction dismissed, pursuant to the diversion agreement, if the defendant has completed the diversion, the diversion period has expired, and the Commonwealth has not moved to void or terminate the diversion agreement for noncompliance before the diversion period expired. *Ballard v. Commonwealth*, 320 S.W.3d 69, 74 (Ky. 2010).

Here, the Commonwealth has argued that Appellant did not complete the diversion program; however, it does not explain how Appellant failed to complete the program or what else Appellant was required to do. In addition, the Commonwealth does not claim that it moved to void or terminate the diversion agreement. Finally, the Commonwealth does not dispute that Appellant entered into a diversion program back in 2015. We note that in the case of *Tucker v. Commonwealth*, 295 S.W.3d 455 (Ky. App. 2009), a previous panel of this Court held that when a diversion program term expires and the Commonwealth does not move to void or terminate the diversion agreement, then the defendant is deemed

to have successfully completed the diversion even if not all the terms of the diversion agreement have been met. *Id.* at 457-58.

## CONCLUSION

Unfortunately, because Appellant's trial counsel believed Appellant was still considered a convicted felon based on his 2015 criminal charge, the facts surrounding Appellant's diversion agreement and its terms were not fully explored. On the other hand, there is sufficient evidence to suggest that Appellant might have completed his diversion program and his 2015 felony conviction was erroneously not dismissed. We believe additional proceedings are necessary. If Appellant completed his diversion, then he should not have been charged with being a felon in possession of a handgun or firearm. This would mean that his current sentence was illegal and the plea agreement he entered into was contrary to law. *McClanahan*, *supra*. We therefore vacate Appellant's current conviction and remand. On remand, the trial court should determine whether Appellant successfully completed his diversion program.[5]

ALL CONCUR.

---

[5] We wish to make clear that we are not voiding Appellant's plea agreement. If the trial court deems Appellant did not complete his diversion, then the plea agreement will stand and his current conviction can be reinstated.

BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky