RENDERED: AUGUST 25, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1232-MR

ERIN HELM                                                          APPELLANT

v.        APPEAL FROM HARDIN CIRCUIT COURT
          HONORABLE KELLY MARK EASTON, JUDGE
          ACTION NO. 13-CR-00581

COMMONWEALTH OF KENTUCKY                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, JONES, AND TAYLOR, JUDGES.

JONES, JUDGE: Erin Helm appeals from the Hardin Circuit Court's order
sentencing her to an alternate term of twelve months' incarceration after she
absconded from pretrial diversion. Helm now contends the trial court did not have
authority to modify her diversion because the diversionary period had expired.
After considering the facts and the law, we affirm the judgment of the trial court.

# I. BACKGROUND

On October 8, 2013, the Hardin County Commonwealth's Attorney, proceeding by information, charged Helm for nine counts of second-degree criminal possession of a forged instrument.[1] Helm had forged and cashed checks belonging to Betty Hawk, with the total amount drawn on the forged checks amounting to $221.46. Helm entered a negotiated guilty plea on the counts in the indictment. Upon the Commonwealth's recommendation, the trial court thereafter sentenced Helm to a term of two years' imprisonment, diverted for five years under the state's pretrial diversion program outlined in KRS 533.250. As part of her conditions for pretrial diversion, Helm agreed to pay restitution of $221.46. She also acknowledged that her diversion period would be supervised by the Division of Probation and Parole. Helm agreed to the terms for diversion in both her signed agreement with the Commonwealth and during her plea colloquy with the trial court on October 15, 2013. If Helm completed the five-year diversionary period successfully, her charges would be dismissed-diverted and would not constitute a criminal conviction pursuant to KRS 533.258.

Unfortunately, within two weeks, the trial court received an affidavit from Helm's probation officer indicating that she had absconded from supervision. The trial court ordered a bench warrant for Helm's arrest on October 31, 2013, but

---

[1] Kentucky Revised Statute (KRS) 516.060, a Class D felony.

Helm was not arrested until April 9, 2015. The Commonwealth moved to void Helm's pretrial diversion based on the violation. In a hearing on the motion, Helm acknowledged her wrongdoing. After ordering an evaluation, and in lieu of revocation, the trial court added a condition that Helm must complete mental health court to successfully complete her diversion.

A little over one year later, on June 6, 2016, Helm reported to her probation officer and listed her address as 105 Blackburn Road, Rineyville, Kentucky. However, when the officer contacted the resident of 105 Blackburn Road, the resident indicated that Helm had not lived there for approximately ten days. This meant that Helm had filed a false report of her current address on June 6, and her whereabouts were once again unknown. Furthermore, the program supervisor at mental health court filed an affidavit indicating that Helm had absconded from the program on June 8, 2016. The trial court thereafter terminated Helm from the mental health court program and issued another bench warrant for her arrest. The bench warrant, entered on June 14, 2016, would not be executed until August 29, 2022, when Helm turned herself in. The Commonwealth moved to void Helm's diversion on September 6, 2022, the same day Helm was brought before the trial court on the warrant. The trial court explained to Helm that she had violated her diversion and, with her permission, the diversion would be extended

for another week so she and her lawyer could prepare for a hearing on the violation. Helm agreed.

On September 13, 2022, the trial court heard testimony from a probation and parole officer outlining Helm's history of noncompliance with the terms of her diversion. The officer finished by pointing out that Helm had effectively disappeared for six years, and probation and parole had no idea what she had been doing in the meantime. Helm testified in her defense, stating how mental health court had given her the tools to maintain sobriety, but she acknowledged that absconding was a poor decision. She also stated that she turned herself in because she wanted to do the right thing. Helm then testified that she just made a payment on her restitution. The trial court, unimpressed, pointed out that this payment, over nine years later, was the first time she had made any payments toward her restitution. In response to her testimony that she was now maintaining sobriety, the trial court also pointed out that she tested positive for marijuana when she was arrested. Helm then admitted she had smoked marijuana.

In the hearing's final arguments, Helm's counsel argued that the trial court no longer had jurisdiction over the case because the diversionary period had expired, and the Commonwealth had not filed a timely motion to void diversion. As a result, Helm's counsel asserted that the trial court had no option other than to order the charges dismissed-diverted. The Commonwealth, citing the number and

length of the times Helm had absconded, argued that Helm had shown no respect for the trial court. The Commonwealth then asked the trial court to impose an alternate sentence. The trial court agreed and ultimately declined to void Helm's diversion, instead ordering her to serve twelve months as an alternate sentence. The trial court followed up on its order with a written memorandum explaining its ruling. This appeal followed.

## II. ANALYSIS

Pretrial diversion is conducted under the auspices of RCr[2] 8.04 and KRS 533.250 *et seq.* A trial court's decisions regarding pretrial diversion are reviewed using the same criteria as decisions to revoke probation. *Richardson v. Commonwealth*, 494 S.W.3d 495, 498 (Ky. App. 2015). "A decision to revoke probation is reviewed for an abuse of discretion." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citation omitted). "Under our abuse of discretion standard of review, we will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

In her sole argument on appeal, Helm contends the trial court incorrectly ruled that it had the authority to impose a sanction after the

---

[2] Kentucky Rule of Criminal Procedure.

diversionary period had expired. Helm asserts "[t]he only action the trial court was authorized to take was to enter a final disposition of the case as diverted-dismissed." (Appellant's Brief at 6.) For support, she cites as authority *Ballard v. Commonwealth*, 320 S.W.3d 69 (Ky. 2010), and *Tucker v. Commonwealth*, 295 S.W.3d 455 (Ky. App. 2009). These cases collectively stand for the proposition that, although a trial court has authority to void diversion after expiration of the diversionary period, a "motion by [the] Commonwealth to void [a] diversion agreement is 'required to be made before expiration of the pretrial diversion period.'" *Ballard*, 320 S.W.3d at 74 (quoting *Tucker*, 295 S.W.3d at 458). Helm asserts that the Commonwealth failed to file a motion to void her diversion prior to its expiration, which left the trial court with no authority except to dismiss the charges as diverted in her case.

Helm is correct regarding the points of law in her cited authorities. However, she fails to recognize that these authorities are inapplicable to the facts of her case. The crucial distinguishing factors are (1) the trial court never voided her diversion, and (2) the trial court issued a bench warrant for her arrest after she absconded during the diversionary period. In its memorandum explaining its decision, the trial court pointed out that "[t]he law recognizes probation and diversion are to be generally treated the same." (Record (R.) at 106.) The trial court also noted that KRS 533.254(1) applies the provisions of KRS 533.020 to

-6-

pretrial diversion, which extends the probationary period while a warrant is pending.

The trial court's analysis is correct. KRS 533.254(1) states, in relevant part, that "[t]he provisions of KRS 533.020 relating to the period of probation shall, in so far as possible, be applicable to the period of pretrial diversion[.]" KRS 533.020(4) reads, in relevant part, that "[u]pon completion of the probationary period, probation with an alternative sentence, or the period of conditional discharge, the defendant shall be deemed finally discharged, *provided no warrant issued by the court is pending against him*[.]" (Emphasis added.) The Kentucky Supreme Court explained:

> The language of KRS 533.020(4) is clear: probation is automatically discharged upon completion of a probationary period unless it has been revoked or an arrest warrant is pending. If neither condition exists, the trial court loses jurisdiction both to revoke and to modify the conditions of probation. A warrant remains "pending" until the defendant is brought before the court at which time, given probable cause to do so, the court may extend the probationary period for a reasonable time until a revocation hearing can be held.

*Commonwealth v. Tapp*, 497 S.W.3d 239, 242 (Ky. 2016). More succinctly, "the issuance of a warrant for a probation violation will toll the period of probation preventing the probationer from being automatically discharged pursuant to KRS 533.020(4)." *Whitcomb v. Commonwealth*, 424 S.W.3d 417, 420 (Ky. 2014).

There are very few cases discussing KRS 533.020(4) in the context of extending pretrial diversion based on a pending warrant. The unpublished cases which are on point, however, agree that a pending warrant permits the trial court to continue exercising jurisdiction over the case; *see, e.g.*, *McElroy v. Commonwealth*, No. 2005-CA-002547-MR, 2006 WL 3375244 (Ky. App. Nov. 22, 2006); *Kopp v. Commonwealth*, No. 2002-CA-001629-MR, 2004 WL 816441(Ky. App. Apr. 16, 2004).[3] Furthermore, the statutory language is expansive, indicating that the General Assembly wished to apply the provisions of KRS 533.020 to pretrial diversion "in so far as possible." KRS 533.254(1). "Our ultimate goal when reviewing and applying statutes is to give effect to the intent of the General Assembly. . . . We also presume that the General Assembly did not intend an absurd statute or an unconstitutional one." *Commonwealth v. Wright*, 415 S.W.3d 606, 609 (Ky. 2013) (citing *Shawnee Telecom Resources, Inc. v. Brown*, 354 S.W.3d 542, 551 (Ky. 2011)).

As the trial court noted in its memorandum, "For the law to be interpreted and applied to permit a multiyear absconding without consequence would be an absurd result which the General Assembly could not possibly have intended when considering how the various relevant statutes are to be applied." (R. at 108.) Despite her nearly complete history of noncompliance, during which

_____

[3] Pursuant to Kentucky Rule of Appellate Procedure (RAP) 41, these unpublished cases are not binding authority and are cited only for their illustrative value on the relevant point of law.

Helm was supervised for approximately fourteen months instead of the five years to which she agreed, the trial court nonetheless gave her an alternate sentence which will ultimately result in diverted charges rather than a felony record. We discern no abuse of discretion.

### III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the Hardin Circuit Court.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Sarah D. Dailey<br>Frankfort, Kentucky | Daniel Cameron<br>Attorney General of Kentucky |
| | Christopher Henry<br>Assistant Attorney General<br>Frankfort, Kentucky |