RENDERED:  OCTOBER 6, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1070-MR

THOMAS RAIDER                                                             APPELLANT

v.

APPEAL FROM ESTILL CIRCUIT COURT
HONORABLE MICHAEL DEAN, JUDGE
ACTION NO. 16-CR-00096

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  EASTON, JONES, AND LAMBERT, JUDGES.

JONES, JUDGE:  Thomas Raider appeals an order of the Estill Circuit Court revoking his pretrial diversion and sentencing him to a term of imprisonment in accordance with his guilty plea.  Upon careful review of the arguments, record, and applicable legal authority, we reverse and remand.

## I. FACTS AND PROCEDURAL BACKGROUND

On September 23, 2016, Raider was indicted on charges of first-degree trafficking in a controlled substance, first offense (less than two grams of methamphetamine); trafficking in marijuana, first offense (less than eight ounces); first-degree possession of a controlled substance, first offense (methamphetamine); and possession of drug paraphernalia. On May 4, 2017, Raider accepted a guilty plea in return for a dismissal of the possession of a controlled substance charge and the Commonwealth's recommendation that Raider participate in pretrial diversion for a period of five years, including completion of drug court. Pursuant to the parties' agreement, on June 23, 2017, the trial court sentenced Raider to five years' pretrial diversion to be run concurrently with a three-year diversionary period stemming from a later conviction in the same court.

On January 4, 2018, Raider was terminated from the drug court program for absconding. However, for reasons that are not clear from the record, the Commonwealth did not move to revoke Raider's diversion at that time. On May 3, 2022, Raider appeared before the trial court to face charges in a new criminal matter pending against him. During that hearing, the trial court brought up revocation of Raider's earlier pretrial trial diversion taking judicial notice that Raider had violated the terms of his earlier diversion due to his 2018 termination from the drug court program. The trial court remarked this "appears to be the

grounds" for revocation and then stated this "just leaves the matter of sentencing." Raider's trial counsel objected to the revocation of the three-year diversion on the grounds the diversionary period expired, and further objected that the prosecution had never filed a motion to revoke. The trial court overruled the objection stating a motion was "not required."

Based on its conclusion that Raider's diversion period should be revoked, the trial court scheduled a sentencing hearing for June 7, 2022. Raider renewed his prior objections to revocation at the June 7th hearing. Once again, the trial court took the objections under submission and indicated it would revisit the matter at a subsequent court appearance on June 22, 2022. At the June 22nd hearing, Raider renewed his prior objections and additionally argued that the five-year period had now run without any formal motion to revoke having been filed by the Commonwealth.

On August 2, 2022, a month after the diversionary period was set to expire, the trial court entered a written order revoking Raider's five-year diversion and ruling that revocation first occurred on May 3, 2022, before the expiration of the diversionary period. The trial court ordered Raider to serve the five-year sentence in accordance with his plea agreement and granted credit for time already served. This appeal followed.

## II. STANDARD OF REVIEW

"[T]he standard for reviewing a trial court's decision to void a diversion agreement is the same abuse of discretion standard which is used to review probation revocation decisions." *McVey v. Commonwealth*, 467 S.W.3d 259, 262 (Ky. App. 2015). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## III. ANALYSIS

Raider's sole argument on appeal is that the trial court lacked jurisdiction to revoke his pretrial diversion where the Commonwealth had not formally moved to revoke prior to expiration of the diversionary period. Revocation of diversion is determined by the same criteria as probation revocation, and the defendant is entitled to the same rights as if probation revocation was sought. *See* KRS[1] 533.256(1); *Helms v. Commonwealth*, 475 S.W.3d 637, 641 (Ky. App. 2015). The Commonwealth must prove the defendant committed a violation by a preponderance of the evidence. *Helms*, 475 S.W.3d at 641.

Raider cites KRS 533.256(1) and *Tucker v. Commonwealth*, 295 S.W.3d 455 (Ky. App. 2009), in support of his argument. This issue appears to be a matter of first impression, and there is a relative lack of case law addressing the

---

[1] Kentucky Revised Statutes.

interpretation and application of KRS 533.256(1). Therefore, we look to the statute's explicit language. *Jefferson Cnty. Bd. of Educ. v. Fell*, 391 S.W.3d 713, 719 (Ky. 2012).

> KRS 533.256(1) states:
>
> If the defendant fails to complete the provisions of the pretrial diversion agreement within the time specified, or is not making satisfactory progress toward the completion of the provisions of the agreement, the Division of Probation and Parole, the victim, or a peace officer may inform the attorney for the Commonwealth of the alleged violation or noncompliance, *and the attorney for the Commonwealth may apply to the court for a hearing to determine whether or not the pretrial diversion agreement should be voided* and the court should proceed on the defendant's plea of guilty in accordance with the law.

(Emphasis added.) In the face of a reported violation, the statute clearly provides that the prosecution "may apply" for a hearing to void the diversion agreement. While the statute does not specifically use the word "motion" or define "apply," BLACK'S LAW DICTIONARY (8th ed. 2004) defines "apply" as "[t]o make a formal request *or motion*." (Emphasis added.)

> The remaining subsections further state:
>
> (2) In making a determination as to whether or not a pretrial diversion agreement should be voided, the court shall use the same criteria as for the revocation of probation, and the defendant shall have the same rights as he or she would if probation revocation was sought.

-5-

(3) Making application for a pretrial diversion agreement tolls any statute of limitations relative to the criminal offenses for which the application is made for the period until the application is granted or denied. Approval of the application for pretrial diversion by the court tolls any statute of limitations relative to criminal offenses diverted for the period of the diversion agreement.

(4) If the court voids the pretrial diversion agreement, the court shall notify the applicable prosecutor in writing that the pretrial diversion agreement has been voided and the reasons for the action. The prosecutor shall decide whether or not to proceed on the plea of guilty in accordance with the law.

KRS 533.256(2)-(4). When examining the statute, we see no contradictions or ambiguities among its provisions.

However, the Commonwealth asserts that nothing in KRS 533.256 precludes the trial court from revoking diversion on a "*sua sponte*" basis. (Commonwealth's Brief at 6.) The Commonwealth additionally contends that if KRS 533.256(1) only permitted the prosecution to file a motion to revoke, the statute would state "the attorney for the Commonwealth *must* apply to the court for a hearing to determine whether or not the pretrial diversion agreement should be voided . . . ." (Commonwealth's Brief at 6.) The Commonwealth does not otherwise offer an explanation as to what other meaning was intended by this provision. Thus, in light of the Commonwealth's position and to the extent any

ambiguity can be read from the statute, we apply relevant principles of statutory construction.

To begin, adoption of the Commonwealth's position leads to an incompatible result between subsections (1) and (4) within KRS 533.256. *See Ballinger v. Commonwealth*, 459 S.W.3d 349, 354 (Ky. 2015) ("We presume, of course, that the General Assembly did not intend an absurd or an unconstitutional statute or one at odds with other statutory provisions."). KRS 533.256(4) states that upon notification of revocation, "The prosecutor *shall decide* whether or not to proceed on the plea of guilty in accordance with the law." (Emphasis added.) It would certainly lead to an inconsistency if the statute was intended to permit a trial court with authority to revoke on its own motion yet vest all discretion with the prosecutor whether to enforce the terms of the plea agreement. Additionally, the Commonwealth's argument effectively rewrites and inserts language into the statute that was simply not intended. *See Fox v. Grayson*, 317 S.W.3d 1, 8 (Ky. 2010) ("It is well settled law that a court may not add language to the written law to achieve a desired result.").

In discerning the intent of the law, we believe it is most illuminating that the legislature omitted any mention of the trial courts within KRS 533.256(1). "It is a familiar and general rule of statutory construction that the mention of one thing implies the exclusion of another, as is expressed in the maxim, "Expressio

unius est exclusio alterius[.]" *Jefferson County v. Gray*, 198 Ky. 600, 249 S.W. 771, 772 (1923). Often shortened to *expressio unius*, it is a canon of statutory construction to be used "'only as an aid in arriving at [legislative] intention, and not to defeat it.'" *Fox*, 317 S.W.3d at 9 (quoting *Gray*, 249 S.W. at 772). "Because the *expressio unius* maxim is only a rule of construction, and not substantive law, we must use it only when . . . that which is expressed is so set over by way of strong contrast to that which is omitted that the contrast enforces the affirmative inference that that which is omitted must be intended to have opposite and contrary treatment." *Id.* (internal quotation marks and citations omitted).

When closely examining the language of all the provisions within KRS 533.256, the roles of the trial court and the prosecution are clearly and distinctly defined. The omission of any language within KRS 533.256(1) signifying that the trial court may revoke on its own motion cannot simply be ignored. *See Palmer v. Commonwealth*, 3 S.W.3d 763, 764-65 (Ky. App. 1999) (citations omitted) (emphasis added) ("[I]t has been held that where the legislation includes particular language in one section of a statute, but omits it in another *section of the same Act*, it is generally presumed that the legislature acted intentionally and purposefully in the disparate inclusion or exclusion.").

In *Palmer*, this Court held that the three-year time requirement for filing a post-conviction petition pursuant to RCr[2] 11.42 began upon the entry of a conclusive judgment of the case such as a final appellate decision or the judgment of the trial court if not challenged on appeal as opposed to only the final judgment of the trial court if it was appealed. 3 S.W.3d at 764. It was reasoned that the usage of the term "trial court" in subsections (7) and (8) of RCr 11.42 and its omission in RCr 11.42(10), which set forth the three-year filing deadline, was dispositive. *Id.* It was further held that if the rule intended the time requirement to initiate only upon entry of the trial court's judgment, the "[Kentucky] Supreme Court could have used the specific language" which was "used in sections (7) and (8)." *Id.* at 765. Similarly in this matter, if the legislature intended to permit a trial court to revoke diversion on its own motion, it could have inserted specific language within KRS 533.256(1).

Lastly, the Commonwealth argues that *Tucker*, 295 S.W.3d 455, cited and relied upon by Raider, does not specifically hold that a motion from the prosecution is required before revocation is permissible, and the facts are distinguishable from the underlying facts of this appeal. In *Tucker*, this Court reversed the revocation of a diversion due to the prosecutor's failure to file a motion to revoke subsequent to expiration of the diversionary period. In contrast,

---

[2] Kentucky Rules of Criminal Procedure.

-9-

the Commonwealth argues that the trial court revoked Raider's diversion on its own motion on May 3, 2022, prior to the expiration of Raider's five-year diversionary period.

The Commonwealth's argument is well taken, but when carefully examining *Tucker*, 295 S.W.3d 455, along with a related decision cited by the Commonwealth in *Ballard v. Commonwealth*, 320 S.W.3d 69 (Ky. 2010), it is an implicit understanding within these decisions that a motion by the prosecution is a necessary predicate before revocation may be imposed. In *Tucker*, the majority stated:

> [W]e believe this case can be resolved merely by noting *that the Commonwealth had the means readily at hand to seek to have* [*Appellant's*] *pretrial diversion revoked* if it believed his failure to pay child support, or his assault conviction, or any other alleged violation of his pretrial diversion conditions justified such action. *Those means are found in KRS 533.256(1). We need not concern ourselves with why the Commonwealth failed to act to have* [*Appellant's*] *pretrial diversion revoked before it expired. The fact is that it did not do so.*

295 S.W.3d at 457 (emphasis added).

In *Ballard*, 320 S.W.3d at 74, the Kentucky Supreme Court wrote:

> [T]he trial court has authority to void the diversion agreement, even after the period of diversion has ended, *so long as the Commonwealth has entered a timely motion to void prior to expiration of the diversion period.* See RCr 8.04.[3] *See also Tucker v. Commonwealth*, 295

---

[3] RCr 8.04(5) states:

-10-

S.W.3d 455, 458 (Ky. App. 2009) (motion by
Commonwealth to void diversion agreement is "required
to be made before expiration of the pretrial diversion
period"). That is precisely what occurred in this case.

(Emphasis added.)

Both *Tucker* and *Ballard* make specific mention of a timely motion

from the Commonwealth as a prerequisite to a trial court's authority to revoke.

Based on these precedents, along with the plain language of KRS 533.256, we hold

that it is a mandatory requirement that a timely motion to revoke pretrial diversion

must be made by the prosecution before a trial court's authority to revoke may be

invoked.

Turning to the present matter, it is undisputed that the Commonwealth

never filed such a motion. The record demonstrates that, on May 3, 2022, the trial

court raised the matter of revocation, and based on the trial court's own words,

took "judicial notice" of Raider's expulsion from the drug court program as a

---

**Termination of the Agreement; Automatic Dismissal.** Upon the
expiration of the period of suspension of prosecution and upon the
completion of the agreement and *where there is no motion by the
Attorney for the Commonwealth to terminate the agreement* upon
any grounds permitted under this Rule, the indictment, complaint
or charges which are the subject matter of the agreement shall be
dismissed with prejudice. In the event that *there may be a pending
motion by the Commonwealth to terminate the agreement*, if the
Court shall rule that the motion be denied, then upon entry of said
order the indictment, complaint or charges shall be dismissed with
prejudice.

(Emphasis added.)

-11-

violation of diversion. The record is devoid of any motion to revoke from the prosecution before the trial court's oral revocation on May 3, 2022, or the entry of the formal written order on August 2, 2022. The record also clearly demonstrates that, on June 7, 2022, the prosecution conceded it never filed a motion to revoke because it did not receive notification Raider was terminated from the drug court program.

## IV. CONCLUSION

For the foregoing reasons, we reverse the judgment and sentence of the Estill Circuit Court and remand with instructions that the charges in the underlying action be dismissed with prejudice and this case be listed as Dismissed-Diverted" in accordance with KRS 533.258(1).

LAMBERT, JUDGE, CONCURS.

EASTON, JUDGE, CONCURS AND FILES SEPARATE OPINION.

EASTON, JUDGE, CONCURRING: Two precedents compel the result in this case. *Ballard v. Commonwealth*, 320 S.W.3d 69 (Ky. 2010), and *Tucker v. Commonwealth*, 295 S.W.3d 455 (Ky. App. 2009). According to these precedents, the language of KRS 533.256(1) requires that a motion to void a diversion must be filed by the Commonwealth before the diversion term expires in all cases. Yet the law also states a diverted case is to be dismissed only upon successful completion of the terms of the diversion. KRS 533.258(1).

-12-

One who, like Raider in this case, absconds for years after abandoning treatment provided during a diversion does not successfully complete diversion. The question of whether a motion by the Commonwealth should be required to void a diversion should be reexamined, especially when, as in this case, the court proceedings about the diversion violations began before expiration of the term. This may require legislative action to clarify whether KRS 533.256(1) intended the absolute necessity of a motion to void a diversion despite the condition of successful completion required by KRS 533.258(1). The legislature may well decide to leave it be so that prosecutors alone can exercise their discretion on whether to proceed with voiding a diversion.

In the meantime, this case teaches the need for notice and action. When the Commonwealth learns of violations, it may decide to let the diversion case go, because of new charges or other considerations. But, if voiding a diversion is to happen, the Commonwealth must file a motion before the diversion expires. For those cases in which a warrant has been issued in the diversion case, which does not require a motion by the Commonwealth but may rather be initiated by the trial court, the Commonwealth's motion must be filed before the diversion expires, including any allowed extension once the warrant is served. *Commonwealth v. Tapp*, 497 S.W.3d 239 (Ky. 2016).

BRIEFS FOR APPELLANT:

Karen Shuff Maurer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky